[Cite as *State v. Kouns*, 2017-Ohio-7497.]

COURT OF APPEALS ASHLAND
COUNTY, OHIO FIFTH
APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| MICHAEL P. KOUNS | : | Case No. 16-COA-035 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Ashland County
Court of Common Pleas, Case No.
15-CRI-183

JUDGMENT:    Affirmed

DATE OF JUDGMENT:    September 7, 2017

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISTOPHER R. TUNNELL                    JOSEPH F. SALZGEBER
Ashland County Prosecuting Attorney       P.O. Box 799
                                          Brunswick, Ohio 44212
By: VICTOR R. PEREZ Assistant
Prosecuting Attorney
110 Cottage Street
Ashland, Ohio 44805

*Baldwin, J.*

{¶1} Appellant Michael P. Kouns appeals a judgment of the Ashland County Common Pleas Court convicting him of engaging in a pattern of corrupt activity (R.C. 2923.32(A)(1)), complicity to trafficking in heroin (R.C. 2925.03(A)(1)(2)(C)(6), R.C. 2923.03(A)(1),(2) or (3)), complicity to trafficking in cocaine (R.C. 2925.03(A)(1)(2)(C)(4)), R.C. 2923.03(A)(1),(2), or (3)), illegal assembly or possession of chemicals for the manufacture of drugs (R.C. 2925.041(A)), and illegal cultivation of marijuana (R.C. 2925.04(A)(C)(5)(c)) upon a plea of guilty, and sentencing him to an aggregate term of incarceration of twelve years.  Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} On October 30, 2015, a twenty-one count indictment was filed in the Ashland County Common Pleas Court charging appellant with numerous drug-related offenses.  Pursuant to a negotiated plea, he entered guilty pleas to engaging in a pattern of corrupt activity, complicity to trafficking in heroin, complicity to trafficking in cocaine, illegal assembly or possession of chemicals for the manufacture of drugs, and illegal cultivation of marijuana.   He was found guilty of these five offenses, as well as four forfeiture specifications.   In exchange for the plea, the State moved to dismiss the remaining sixteen counts of the indictment, as well as accompanying forfeiture specifications and major drug offender specifications.   The State further agreed to recommend a sentence of no more than fourteen years.

{¶3} The trial court ordered a pre-sentence investigation.  Prior to the sentencing hearing, appellant filed a sentencing memorandum asking the trial court to impose a sentence of five years or less, similar to the sentences imposed on his co-defendants.  He

argued he took an inferior role in the criminal enterprise as a "pill puppet" to co-defendant Richard Lawless.   He further argued he had become addicted to pain pills due to an industrial injury and two car accidents, but for most of his life had supported his family through legitimate employment.

{¶4}   The trial court held a sentencing hearing on August 19, 2016.   At the hearing, appellant asked that he be sentenced similarly to his co-defendants, as they were all pawns of Richard Lawless, who ran the drug operation.   The State argued that despite appellant's cooperation against Lawless and his addiction problems, it stood by the recommendation of fourteen years.

{¶5}   Following the hearing, the court sentenced appellant to a term of imprisonment of ten years for engaging in a pattern of corrupt activity, a term of three years for complicity to trafficking in heroin, a term of three years for complicity to trafficking in cocaine, a term of twenty-four months for illegal assembly or possession of chemicals for the manufacture of drugs, and a term of twelve months for illegal cultivation of marijuana. The sentences for complicity to trafficking in heroin, complicity to trafficking in cocaine, and illegal cultivation of marijuana were ordered to run concurrently with each other and with the sentence for engaging in a pattern of corrupt activity.  The sentence for illegal assembly or possession of chemicals for the manufacture of drugs was ordered to run consecutively to the sentence for engaging in a pattern of corrupt activity but concurrently with the other sentences, for an aggregate term of twelve years incarceration.  It is from this entry appellant prosecutes this appeal, assigning a single error:

{¶6}   THE TRIAL COURT ERRED BY IMPOSING, CONTRARY TO LAW AND THE CONSTITUTIONAL PROHIBITIONS AGAINST CRUEL AND UNUSUAL

PUNISHMENT, CONSECUTIVE PRISON SENTENCES TOTALING TWELVE (12) YEARS, INSTEAD OF TOTAL PRISON SENTENCE OF FIVE (5) YEARS OR LESS, WHICH 12-YEAR SENTENCE WAS DISPROPORTIONATE WITH THE SENTENCES IMPOSED ON HIS CO-DEFENDANTS.

{¶7} Appellant argues his sentence is disproportionate in comparison to those of his co-defendants, and violates the Eighth Amendment's prohibition against cruel and unusual punishment.

{¶8} The Eighth Amendment does not require strict proportionality between crime and sentence, but only forbids extreme sentences that are grossly disproportionate to the crime. *State v. Weitbrecht*, 86 Ohio St.3d 368, 373, 715 N.E.2d 167 (1999), quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S.Ct. 2680 (1991),(Kennedy, J., concurring in part and in judgment). In *Solem v. Helm*, 463 U.S. 277, 290–292, 103 S.Ct 3001, 3010–3011, 77 L.Ed.2d 637, 649–50 (1983), the United States Supreme Court set forth a three-part test for determining whether a sentence is disproportionate to the crime: (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions. A sentence does not violate the constitutional prohibition against cruel and unusual punishment unless the sentence is so grossly disproportionate to the offense as to shock the sense of justice in the community. *State v. Chaffin*, 30 Ohio St.2d 13, 59 O.O.2d 51, 282 N.E.2d 46 (1972).

{¶9} Further, for purposes of the Eighth Amendment and Section 9, Article I of the Ohio Constitution, proportionality review should focus on individual sentences rather than on the cumulative impact of multiple sentences imposed consecutively. *State v.*

*Hairston*, 118 Ohio St.3d 289, 888 N.E.2d 1073, 2008–Ohio–2338, ¶ 20. Where none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment. *Id.* As a general rule, a sentence that falls within the terms of a valid sentencing statute cannot constitute cruel and unusual punishment. *Id.* at ¶ 21.

{¶10} A defendant alleging disproportionality in felony sentencing has the burden of producing evidence to "indicate that his sentence is directly disproportionate to sentences given to other offenders with similar records who have committed these offenses." *State v. Ewert,* 5th Dist. Muskingum No. CT2012–0002, 2012-Ohio-2671, 2012 WL 2196326, ¶ 33, citing *State v. Breeden,* 8th Dist. No. 84663, 2005-Ohio-510, 2005 WL 315370, ¶ 81.

{¶11} Appellant's individual sentences were within the statutory range, and less than the fourteen-year cap the State agreed to recommend as part of the negotiated plea agreement.

{¶12} Although appellant argues his sentence is disproportionate to the five year sentences given to his co-defendants, the record does not demonstrate details of their convictions, the circumstances of their crimes, or their prior history. The trial court stated at the sentencing hearing:

> And quite frankly, I think even when considering the sentences of the other Co-defendants in these cases based on what they were charged with and the number of offenses that they were charged with, that the sentencing recommendation of the State is pretty close to the ballpark of what should be imposed in this case.

**{¶13}** Tr. (2nd Sentencing Hearing) 12.

**{¶14}** The record does not support appellant's claim that the court erred in this determination.

**{¶15}** The assignment of error is overruled. The judgment of the Ashland County Common Pleas Court is affirmed. Costs are assessed to

appellant.

By: Baldwin, J.

Delaney, P.J. and

John Wise, J. concur.