[Cite as *State v. Pritschau*, 2016-Ohio-7147.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-115** |
| ANDREANNA L. PRITSCHAU, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 15 CR 000474.

Judgment: Affirmed.


*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

David E. Koerner, 11770 Painesville-Warren Road, Painesville, OH 44077 (For Defendant-Appellant).



THOMAS R. WRIGHT, J.


{¶1} Appellant, Andreanna L. Pritschau, appeals the length of the jail term the trial court imposed as part of her community control sanction. She argues that the court improperly weighed factors and relied upon false assertions in a victim's impact statement. Her sentence is affirmed.

{¶2} In 2014, appellant met Shane Korft while working as the general manager

of a restaurant. Over the next few months, the two became friends, and started taking heroin together. As her habit increased, appellant lost her job and custody of her two minor children. Subsequently, she and Korft became homeless and temporarily moved in with Korft's mother, who lived in a mobile home park in Kirtland, Lake County, Ohio. Korft's mother quickly forced them to leave.

{¶3} In late October 2014, appellant was charged with a number of misdemeanor offenses throughout Lake County, including theft, attempted complicity to breaking and entering, falsification, and possession of drug abuse instruments. Following her arrest on the second offense, she and Korft began working as confidential informants for a local law enforcement agency. After only one controlled purchase of illegal drugs, though, the relationship was discontinued because the couple was unreliable.

{¶4} In late May 2015, appellant attended a court proceeding for one of her pending charges at a local municipal court. At the conclusion, she told a probation officer she needed a week to get her affairs in order before she could comply with one of the court's orders. In response, the probation officer informed her that she could, provided she passed a drug test. Appellant left the court without permission and without submitting to testing.

{¶5} On the evening of June 2, 2015, Korft formulated a plan to burglarize the home of Ronald Yurick, who lived next to Korft's mother. In furtherance of the plan, appellant contacted her friend and asked her to drive them to Kirtland. Unbeknownst to appellant, her friend was also an informant, and the friend contacted the authorities before transporting the couple. The police began to follow the friend's vehicle as it

2

entered the general area.

{¶6}  Appellant was in the backseat.  Before going to the mobile home park, the three stopped in the parking lots of two local businesses, where appellant attempted to load an "app" on her cell phone to monitor police scanners.  Appellant was unable to get the app to work, but Korft decided to proceed with the burglary.  As the vehicle neared the designated home, it was stopped by the police, and both appellant and Korft were arrested.  A back pack containing a .38 caliber revolver and drug paraphernalia was found in the backseat near appellant.

{¶7}  Appellant failed to post bond following her arrest.  Accordingly, she remained in the Lake County Jail until sentencing in September 2015.  Near the outset of this period, she was convicted of three of the four pending misdemeanor charges and was given relatively short sentences which she served while incarcerated in the county jail.

{¶8}  In the underlying action, appellant was originally charged with attempted aggravated burglary and possession of criminal tools.  However, when the action was transferred from the municipal court to the court of common pleas, the prosecutor filed an information charging her solely with one count of attempted burglary, a third-degree felony.  After waiving her right to an indictment, appellant pleaded guilty.  Upon accepting the plea, the trial court ordered her to undergo a drug/alcohol evaluation and to participate in the preparation of a presentencing investigation report.

{¶9}  During the sentencing hearing, the prosecutor referenced statements that Korft made to the police following his arrest.  According to the prosecutor, Korft said that "they" had broken into the victim's home on more than one occasion.  At the conclusion

3

of the hearing, the trial court cited this point in support of its finding that appellant engaged in a pattern of organized criminal activity with Korft. The court further found that the victim suffered some psychological harm as a result of being told that his home had been targeted.

{¶10} In its final judgment, the trial court did not sentence appellant to a term of imprisonment; instead, she was ordered to serve three years of community control. As a condition of this sanction, the trial court also ordered her to serve 150 days in the county jail, with forty days of credit for time served. The court further imposed the following as additional conditions: (1) during the last thirty days of her jail term, she had to participate in a jail treatment program; (2) she had to take a separate drug treatment program given by NEOCAP; and (3) after she completed the NEOCAP program, she must return to the jail for thirty additional days so that she could participate in "transition" program.

{¶11} In appealing her sentence, appellant raises two assignments for review:

{¶12} "[1.] The trial court erred by sentencing appellant to 247 days in jail plus 120-180 days at NEOCAP in violation of the equal protection clauses of the Ohio & United States Constitutions & R.C. 2929.11 & R.C. 2929.12.

{¶13} "[2.] The trial court erred by relying on new material facts from victim's alleged statements in violation of R.C. 2930.14(B), due process clause, and equal protection clause of U.S. & Ohio Constitutions."

{¶14} Under her first assignment, appellant asserts issues concerning the length of her jail term. First, she contends that the length of the term is excessive because the trial court abused its discretion in weighing sentencing factors under R.C. 2929.11 and

4

2929.12. Specifically, appellant argues that the trial court did not accord proper weight to the fact that she was a first-time felony offender, that she was addicted to heroin, and that she had never received any treatment for her addiction.

{¶15} Our consideration of a felony sentence is governed solely by R.C. 2953.08(G)(2):

{¶16} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶17} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶18} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶19} "(b) That the sentence is otherwise contrary to law."

{¶20} In analyzing the statutory standard, this court has stated:

{¶21} "[A]n appellate court must affirm the felony sentence unless: (1) the trial court's findings on applicable mandatory requirements are not supported by the record; or (2) the sentence is not consistent with other relevant aspects of the law. *State v. Robinson*, 1st Dist. Hamilton No. C-140043, 2015-Ohio-773, ¶38. Under the second

5

step of this standard, 'a maximum sentence is not contrary to law when it is within the statutory range and the trial court considered the statutory principles and purposes of sentencing as well as the statutory seriousness and recidivism factors.' *State v. Martin*, 2nd Dist. Clark No. 2014-CA-69, 2015-Ohio-697, ¶8." *State v. Talley*, 11th Dist. Trumbull No. 2014-T-0098, 2015-Ohio-2816, ¶15.

{¶22} In arguing the jail term is excessive, appellant asserts that the trial court did not fully consider the principles and purposes of felony sentencing in R.C. 2929.11. Like a maximum sentence, the imposition of any sentence for an individual offense is not contrary to law if the term falls within the statutory range for that crime, and the record demonstrates that the trial court considered the purposes and principles of felony sentencing, as stated in R.C. 2929.11, and  seriousness and recidivism, as delineated in R.C. 2929.12.  *State v. Hayes*, 2nd Dist. Clark No. 2014-CA-27, 2014-Ohio-5362, ¶15-16.

{¶23} Appellant was convicted of attempted burglary, a third-degree felony. R.C. 2911.12.  As appellant did not have any prior convictions for that offense, the trial court had the discretion to impose a prison term between nine months and thirty-six months. *See* R.C. 2929.14(A)(3)(b).  But, since the imposition of a prison term was not mandatory for appellant's offense, the trial court had the discretion under R.C. 2929.15(A)(1) to impose  community control sanctions.  As a condition of community control, the defendant can be ordered to serve a jail term of "up to six months."  R.C. 2929.16(A)(2). Thus, the trial court did not exceed the statutory maximum jail term.

{¶24} Furthermore, the trial court expressly stated during the sentencing hearing and in its final judgment that it considered the statutory guidelines in R.C. 2929.11 and

2929.12. Appellant has otherwise failed to demonstrate that the record does not support the sentence. *State v. Marcum*, ___ Ohio St.3d___, 2016-Ohio-1002, ¶23. Appellant's first argument under her first assignment is not well-taken.

{¶25} Under her second argument, appellant asserts the trial court erred in not granting her jail-time credit for the entire period she was held in the county jail from the date of her arrest until the date of her sentencing hearing. According to her, a total of 107 days elapsed during that time frame, and the trial court only gave her credit for forty of those days. The basis for the trial court's ruling was that, during the first 67 days of her incarceration, she was serving the sentences that had just been imposed on three of her pending misdemeanor charges in separate cases.

{¶26} In claiming that she was entitled to a credit for all 107 days, appellant cites *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440. The syllabus of that case states: "When a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term."

{¶27} In this case, the trial court did not order that appellant's jail time be served concurrently with the sentences from her other cases. Thus, *Fugate* does not apply. In addition, "there is no jail-time credit for time served on unrelated offenses, even if that time served runs concurrently during the pre-detention phase of another matter." *State v. Struble*, 11th Dist. Lake No. 2015-L-115, 2006-Ohio-3417, ¶11. Even if appellant would have been able to post bond when she was first arrested in the underlying case, she would not have been released because she was serving the sentences from the other cases. As a result, she is not entitled to any jail-time credit for that period. Both

7

aspects of her first assignment lack merit.

{¶28} Under her next assignment, appellant submits that the trial court erred in basing its sentencing determination upon information that her trial counsel had no notice of prior to the hearing. According to her, the new information was in the victim impact statement, and pertained to whether she and Korft had burglarized the victim's home on prior occasions without getting caught. She argues that the victim's assertion should not have been considered because it was unreliable. Citing R.C. 2930.14(B), she further argues that, since her counsel was unaware of this information prior to the hearing, she was entitled to a continuance so that her counsel could prepare a defense on the matter.

{¶29} The record before this court does not include the victim impact statement; therefore, it cannot be determined whether the victim, Ronald Yurick, made any reference to prior burglaries. Second, when the prosecutor referred to the point during sentencing, she did not cite the impact statement, but instead stated that the information was predicated upon statements Korft made to the police immediately following his arrest. Third, regardless of the original source, the appellant admitted the prior burglaries near the end of the sentencing hearing:

{¶30} "THE COURT: Thank you. Miss Pritschau, how do you know Yurick?

{¶31} "THE DEFENDANT: It's Shane's neighbor.

{¶32} "THE COURT: Okay. And absent the police intercepting you, you would have gone in and robbed Mr. Yurick, right?

{¶33} "THE DEFENDANT: I personally wasn't going to, but I was going to sit in the car.

8

{¶34} "THE COURT: Okay. And how many times have you done stuff like this with Korft before?

{¶35} "THE DEFENDANT: I'm not sure exactly how many, at least two.

{¶36} "THE COURT: Were any of those times involving Yurick?

{¶37} "THE DEFENDANT: Usually I sat in the car. I'm pretty sure that they were though.

{¶38} "THE COURT: And were those burglaries successful?

{¶39} "THE DEFENDANT: I think so, yeah."

{¶40} Given appellant's admission, a continuance would have served no purpose and the victim's claimed assertion was verified. Thus, her second assignment also is without merit.

{¶41} The judgment of the Lake County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.