[Cite as *State v. Salmons*, 2019-Ohio-3541.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 14-19-02

    v.

PHILIP SALMONS,                        O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No. 18-CR-0202

Judgment Affirmed

Date of Decision: September 3, 2019

APPEARANCES:

    *Alison Boggs* for Appellant

    *Raymond Kelly Hamilton* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Philip Salmons ("Salmons"), appeals the December 27, 2018 judgment of sentence of the Union County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On August 10, 2018, the Union County Grand Jury indicted Salmons on two Counts: Count One of operating a vehicle under the influence of alcohol, a drug of abuse or a combination of them in violation of R.C. 4511.19(A)(1)(a), (G)(1)(e), a third-degree felony, and Count Two of endangering children in violation of R.C. 2919.22(C)(1), (E)(5)(a), a first-degree misdemeanor. (Doc. No. 1). Count One also included a specification for an additional prison term for repeat OVI offenders under R.C. 2941.1413(A). (*Id.*). On September 4, 2018, Salmons appeared for arraignment and entered pleas of not guilty to the counts and specification in the indictment. (Doc. No. 5).

{¶3} On December 14, 2018, under a negotiated plea agreement, Salmons withdrew his pleas of not guilty and entered a plea of guilty to Count One of the indictment and its accompanying specification. (Doc. No. 26). (*See* Doc. No. 25). In exchange, the State agreed to recommend dismissal of Count Two. (Doc. No. 26). (*See* Doc. No. 25). The trial court accepted Salmons's guilty pleas, found him guilty, and ordered a presentence investigation. (Doc. No. 26). The trial court also approved the State's application for dismissal of Count Two of the indictment and

dismissed the same. (*Id.*). The trial court filed its judgment entry of conviction on December 17, 2018. (*Id.*).

{¶4} On December 27, 2018, the trial court sentenced Salmons to four years of mandatory imprisonment as to the repeat-offender specification under Count One. (Doc. No. 29). Additionally, the trial court sentenced Salmons to five years of community control on the underlying OVI offense under Count One. (*Id.*). Finally, the trial court ordered that the prison sentence imposed in the present case run consecutively to the prison sentences imposed in Union County Court of Common Pleas case numbers 17-CR-0225 and 18-CR-0027. (*Id.*). The trial court filed its judgment entry of sentence on the same day. (Doc. No. 29).

{¶5} On January 14, 2019, Salmons filed his notice of appeal. (Doc. No. 35). He raises three assignments of error, which we address together.

**Assignment of Error No. I**

**The trial court's sentence is contrary to law.**

**Assignment of Error No. II**

**The trial court abused its discretion when it ordered a maximum sentence on the underlying OVI case.**

**Assignment of Error No. III**

**The trial court erred in calculating jail time credit.**

{¶6} Salmons's first two assignments of error concern related issues and, accordingly, will be addressed together. In his first assignment of error, Salmons

argues that the trial court erred by imposing a sentence that is contrary to law. Specifically, Salmons argues that the trial court erred by sentencing him to an aggregate prison term in excess of thirty-six months for the repeat-offender specification and the underlying OVI charge. (Appellant's Brief at 3-7). In his second assignment of error, Salmons argues that the trial court abused its discretion by sentencing him to a maximum sentence on the underlying OVI offense. (*Id.* at 7-10).

{¶7} "Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 8, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. "Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'"" *Id.*, quoting *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶8} "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. Salmons

was convicted of driving a vehicle while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a). Because Salmons has been previously convicted of a felony violation of R.C. 4511.19(A)(1)(a), the underlying OVI offense was charged as a third-degree felony. *See* R.C. 4511.19(G)(1)(e). As a third-degree felony that is not one of the excepted third-degree felonies listed in R.C. 2929.14(A)(3)(a), the sentencing court may impose a prison term of 9 to 36 months. R.C. 2929.14(A)(3)(b) (Oct. 17, 2017) (current version at R.C. 2929.14(A)(3)(b) (Mar. 22, 2019)); R.C. 2929.13(G)(2) (Oct. 17, 2017) (current version at R.C. 2929.13(G)(2) (Mar. 22, 2019)). *See* R.C. 2929.14(A)(3)(a) (Oct. 17, 2017) (current version at R.C. 2929.14(A)(3)(a)). Salmons also pleaded guilty to a repeat-OVI-offender specification under R.C. 2941.1413(A), which required the trial court to impose a "a mandatory prison term of one, two, three, four, or five years" with respect to the specification. R.C. 4511.19(G)(1)(e)(i). *See* R.C. 2929.13(G)(2) (Oct. 17, 2017) (current version at R.C. 2929.13(G)(2) (Mar. 2, 2019)).

{¶9} The trial court imposed a sentence of four years' mandatory imprisonment on the repeat-offender specification. On the underlying OVI conviction, the trial court sentenced Salmons to five years of community control. Additionally, the trial court specified that the sentence in the present case shall run

consecutively to the sentence imposed in Union County Case Numbers 17-CR-0225 and 18-CR-0027.[1]  Thus, the trial court's sentences fall within the statutory ranges.

**{¶10}** Nevertheless, Salmons argues that the trial court erred by sentencing him to a prison term that exceeds 36 months.  In support of his position, Salmons references R.C. 2929.14(B)(4), which states in pertinent part, that "[t]he total of the additional prison term imposed under [R.C. 2929.14(B)(4)] * * * shall equal one of the authorized prison terms specified in division (A)(3) of this section for a third degree felony OVI offense."  Salmons argues that this language indicates that the trial court was only authorized to impose an aggregate prison sentence of 36 months, the maximum sentence for the underlying OVI offense.  We disagree.

**{¶11}** In *State v. South*, the Ohio Supreme Court addressed the issue of whether a defendant convicted of a third-degree felony OVI and an R.C. 2941.1413 specification can be sentenced to a five-year prison sentence or whether the maximum sentence the trial court can impose is three years.  144 Ohio St.3d 295, 2015-Ohio-3930, ¶ 6.  The court in *South* reviewed R.C. 4511.19, 2941.1413, 2929.13, and 2929.14 and determined that defendants convicted of a third-degree-felony-OVI charge and a repeat-offender specification under R.C. 2941.1413 are subject to: "(1) a one-to-five-year mandatory prison term for the repeat-offender-specification conviction, which must be served prior to and consecutive to any

---

[1] The parties do not dispute that the trial court correctly made consecutive-sentencing findings.  (*See* Doc. No. 29; Dec. 27, 2019 Tr. at 31).

additional prison term imposed under R.C. 2929.14(A)(3)(b) and (2) a discretionary 9-to 36-month definite prison term for the underlying OVI conviction." *Id.* at ¶ 19. Thus, Salmons's total exposure was five years' imprisonment on the repeat-offender-specification conviction and 36-months' imprisonment on the underlying OVI offense, for an aggregate total exposure of eight-years' imprisonment. Therefore, the trial court did not act contrary to law by sentencing Salmons to four-years' imprisonment on the repeat-offender specification.

{¶12} Nonetheless, Salmons asks that we decline to follow *South*. In support of his position, Salmons cites *State v. Semenchuk*, 8th Dist. Cuyahoga No. CR-14-588154-A, 2015-Ohio-5408. Salmons contends that in *Semenchuk*, the Eighth District reviewed *South* and concluded that "a court was prohibited from imposing a sentence greater than the statutory maximum when adding [] mandatory time with discretionary time." (Appellant's Brief at 6, citing *Semenchuk* at ¶ 10). Salmons interprets *Semenchuk* to mean that a defendant convicted of a third-degree felony OVI and a repeat-offender specification has a total exposure of 36 months. (*Id.* at 6). However, the defendant in *Semenchuk* was not convicted of an R.C. 2941.1413 repeat-offender specification. *Semenchuk* at ¶ 4. In fact, the court distinguished Semenchuk's case from *South* on this basis and acknowledged that Semenchuk's maximum exposure for a third-degree felony OVI was three years irrespective of the *South* decision because Semenchuk was not convicted of a repeat-offender

specification under R.C. 2941.1413. *Id.* Accordingly, we conclude that *Semenchuk* is distinguishable from the instant case and that *South* controls. Thus, the trial court did not err by imposing a four-year prison term for the repeat-offender specification.

**{¶13}** In his second assignment of error and throughout his brief, Salmons mistakenly asserts that he was sentenced to 36 months in prison on the underlying OVI offense. In support of his contention that a 36-month prison sentence was imposed on the underlying OVI offense, Salmons argues that by notifying him that the trial court may impose a prison term of up to 36 months in the event that he violates his community control, the trial court thereby imposed a 36-month prison term. (Appellant's Brief at 7-10).

**{¶14}** Under R.C. 4511.19(G)(1)(e)(i), "[i]n addition to the mandatory prison term or mandatory prison term and additional prison term the court imposes, the court also may sentence the offender to a community control sanction for the offense, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction." R.C. 2929.19(B)(4), which governs the imposition of community control sanctions, provides in relevant part:

> If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the

offender that, if the conditions of the sanction are violated, * * * the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense * * *.

Here, the trial court sentenced Salmons to five years of community control for the underlying OVI offense and informed him that he could face up to 36 months in prison if he violated the terms of his community control. *See* R.C. 2929.15(A)(1) (Sept. 29, 2017) (current version at R.C. 2929.15(A)(1) (Mar. 22, 2019)). However, "[t]he purpose of the community control statute * * * is not to *sentence* a defendant to a specific prison term and then suspend or reserve that prison term, the purpose is to *notify* a defendant of a specific prison term that a defendant will receive *if* he violates community control." (Emphasis sic.) *State v. Berry*, 3d Dist. Defiance No. 4-12-04, 2012-Ohio-4660, ¶ 25. "The key is that a defendant must be *notified* of the prison sentence the defendant would receive if the defendant violated his community control, not *sentenced* to that prison term." (Emphasis sic.) *Id. See State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, ¶ 21 (noting that although R.C. 2929.19 requires the trial court to state the "specific term" the defendant faces in the event of a community control violation, the stated term is not necessarily the

prison term the defendant would receive for a community control violation). Thus, the trial court did not impose a maximum sentence on the underlying OVI offense.

**{¶15}** Here, Salmons was sentenced to four years in prison on the repeat-offender specification which, as discussed above, is within the statutory range. Furthermore, the trial court sentenced Salmons to five years of community control on the underlying OVI offense as authorized by R.C. 4511.19(G)(1)(e)(i), 2929.13(G)(2), and 2929.15(A)(1). "'[A] sentence imposed within the statutory range is "presumptively valid" if the [trial] court considered applicable sentencing factors.'" *Nienberg*, 2017-Ohio-2920, at ¶ 10, quoting *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

**{¶16}** R.C. 2929.11 provides, in pertinent part, that "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender * * *." R.C. 2929.11(A). To further these purposes, the sentencing court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution * * *." *Id.* Furthermore, a felony sentence imposed must be "reasonably calculated to achieve the three overriding purposes of felony sentencing," "commensurate with and not demeaning to the seriousness of the

offender's conduct," and "consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Smith*, 2015-Ohio-4225, at ¶ 10, citing R.C. 2929.12(A).

**{¶17}** Here, it is clear from the record that the trial court sentenced Salmons after considering the purposes of felony sentencing set out in 2929.11(A) and the R.C. 2929.12(B)-(E) factors relating to the seriousness of Salmons's conduct and the likelihood of his recidivism. At the sentencing hearing, the trial court stated that it had considered "the purposes and principles of sentencing under Revised Code Section 2929.11, the seriousness and recidivism factors relevant to the offense * * * and the offender pursuant to Revised Code Section 2929.12, and the need for deterrence, incapacitation, rehabilitation, and restitution." (Dec. 27, 2018 Tr. at 28). Moreover, the trial court stated that it was "guided by the overriding purposes of felony sentencing, including protection of the public from future crime by the offender and others, and punishment of the offender using the minimum sanctions that the Court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." (*Id.* at 28-29). Additionally, the trial court discussed at length the mitigating and aggravating factors it considered in making its sentencing decision and specifically referenced

R.C. 2929.11 and 2929.12(B)-(E) throughout its discussion. (*Id.* at 29-31). The trial court memorialized its findings with respect to R.C. 2929.11(A) and R.C. 2929.12(B)-(E) in detail in its judgment entry of sentence. (*See* Doc. No. 29). *See Maggette* at ¶ 32 ("A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes."), citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, ¶ 13, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18.

{¶18} Nevertheless, Salmons contends that his sentence is unsupported by the record or contrary to law because the trial court had allegedly predetermined his sentence before any argument was made. Moreover, Salmons argues that the trial court erred in determining that he was not remorseful. Salmons also contends that the trial court erred by imposing a sentence that ignores the underlying problem of his substance abuse.

{¶19} Salmons's arguments are without merit. First, we note that Salmons made his arguments under the mistaken understanding that he was sentenced to thirty-six months on the underlying OVI offense. However, as discussed above, the trial court only sentenced Salmons to community control sanctions on the underlying offense. Nevertheless, we do not find Salmons's arguments persuasive.

{¶20} In support of his position that the trial court predetermined his sentence without considering the arguments made at the sentencing hearing,

Salmons references several statements from the sentencing hearing. As the trial court made its findings under R.C. 2929.12(D), it initially stated that "all of the factors apply" under that subsection. (Dec. 27, 2018 Tr. at 29). However, the trial court later corrected itself and stated that R.C. 2929.12(D)(4) actually was not applicable because Salmons did seek substance abuse treatment. (*Id.* at 30). Salmons argues that these statements demonstrate that the trial court had determined his sentence before considering the arguments made at the sentencing hearing. We are not persuaded.

{¶21} First, R.C. 2929.12(D)(4) is only one factor for the trial court to consider with respect to sentencing. Moreover, we are not persuaded that the above dialogue demonstrates that the trial court disregarded the arguments made at the sentencing hearing and had predetermined Salmons sentence.

{¶22} Salmons also argues that the trial court erred because it disregarded his stated remorse and his expressed desire for substance abuse treatment. With respect to Salmons's argument that the trial court disregarded his sincere remorse for his actions, we again note that the defendant's remorse is but one factor for the trial court to consider with regard to sentencing. Moreover, the trial court was in the best position to determine the credibility of Salmons's statements of remorse.

{¶23} Finally, Salmons argues that the trial court ignored the underlying issue of his alcohol addiction during sentencing. Salmons contends that by

sentencing him to a lengthy jail sentence, instead of 12 months' mandatory imprisonment followed by an intensive in-patient alcohol treatment program, the trial court ignored the underlying issue of his alcohol abuse. However, one of the terms of Salmons's community control was that upon his release from prison, he is to undergo drug and alcohol assessment and enroll in and complete any treatment and counseling that is recommended. (Doc. No. 29); (Dec. 27, 2018 Tr. at 33-34). Additional terms of Salmons's community control include that he attend at least three sober support meetings per week, undergo random drug screens, and participate in any alcohol or drug treatment programs that his community control officer or the trial court orders. (*Id.*); (*Id.*). Moreover, at the sentencing hearing, the trial court stated that in its opinion, the sentence it imposed "is likely to keep the community safer." (Dec. 27, 2018 Tr. at 32-33). The trial court then stated that it "believes that [Salmons] deserves a chance at rehabilitation and a chance to have a life with his daughter at the same time." (*Id.* at 34). The trial court addressed Salmons and told him that he has "an opportunity" but warned him that he "can squander that opportunity very easily." (*Id.* at 34). Thus, contrary to Salmons's argument, the record indicates that the trial court was aware of Salmons's issues with alcohol addiction and imposed his sentence with the ultimate goal of giving Salmons another opportunity to address his alcohol addiction.

{¶24} Thus, we find that the trial court properly considered the purposes and principles of felony sentencing and applied the relevant R.C. 2929.12 factors. Furthermore, Salmons's sentence is within the statutory range. Therefore, there is not clear and convincing evidence that Salmons's sentence is unsupported by the record or that his sentence is otherwise contrary to law. *See Nienberg*, 2017-Ohio-2920, at ¶ 23.

{¶25} Accordingly, Salmons's first and second assignments of error are overruled.

{¶26} In his third assignment of error, Salmons argues that the trial court erred by not granting him jail-time credit in the instant case for the entire period he was held in the county jail from the date of the present offense to the date of his sentencing hearing for the present offense.

{¶27} On December 14, 2018, Salmons was sentenced in Union County case numbers 17-CR-225 and 17-CR-027. At the sentencing hearing for those cases, the trial court sentenced Salmons to 15 months' imprisonment and gave Salmons jail-time credit for 109 days. On December 27, 2018, Salmons was sentenced in the present case, and his sentence was ordered to run consecutively to the 15-month prison term imposed in Union County case numbers 17-CR-225 and 17-CR-027. The trial court granted Salmons zero days of jail time credit for the present case.

**{¶28}** Here, Salmons was out on bond in Union County case numbers 17-CR-0225 and 18-CR-0027 when he committed the instant offense. Consequently, his bond on Union County case numbers 17-CR-0225 and 18-CR-0027 was revoked and he was incarcerated. The trial court set bond in the instant case, which Salmons did not post.

**{¶29}** Salmons argues that because he did not post bond in the present case, he was therefore being held on the charges arising out of the present case and, thus, should have received jail time credit for the entire time that he was held in jail from the date of the offense to the date of the sentencing hearing for the present offense. We disagree.

**{¶30}** R.C. 2967.191 provides, in pertinent part, that "[t]he department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *." R.C. 2967.191(A) (Oct. 29, 2018) (current version at R.C. 2967.191(A) (Mar. 22, 2019)). When calculating jail-time credit for offenders serving consecutive terms, the Ohio Administrative Code instructs that jail-time credit be applied once, to the total term. Ohio Adm. Code 5120-2-04(G). *See State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶10. According to the Ohio Supreme Court, "[w]hen a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after

another. Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence." *Fugate* at ¶ 22. A defendant sentenced to consecutive sentences on multiple charges does not have "'the right to multiply his single period of pretrial confinement by the number of convictions entered against him.'" *Id.* at ¶ 20, quoting *State v. Callender*, 10th Dist. Franklin No. 91AP-713, 1992 WL 21247, *2 (Feb. 4, 1992).

**{¶31}** Here, the trial court ordered that Salmons's sentences in the present case be served consecutively to the sentences in Union County case numbers 17-CR-0225 and 18-CR-0027. Thus, the trial court did not err by assigning jail-time credit only once, when the trial court imposed jail-time credit during sentencing for Union County Case Numbers 17-CR-0225 and 18-CR-0027.

**{¶32}** Salmons also argues that the trial court erred by not imposing jail time credit for the time period that he was incarcerated between the sentencing hearing in Union County case numbers 17-CR-0225 and 18-CR-0027 on December 14, 2018 and the sentencing hearing in the instant case on December 27, 2018. We disagree.

**{¶33}** "Jail-time credit does not include time that the prisoner was incarcerated by reason of a sentence previously imposed for a different offense * * *." *State v. Perkins*, 11th Dist. Lake Nos. 2018-L-084 & 2018-L-098, 2019-Ohio-2288, ¶ 44. "A defendant is not entitled to jail-time credit while held on bond if, at

the same time, the defendant is serving a sentence on an unrelated case." *State v. Cupp*, 156 Ohio St.3d 207, 2018-Ohio-5211, ¶ 24. "Disallowing, for purposes of jail-time credit, periods of time that a prisoner has been incarcerated by reason of a sentence previously imposed and begun does not violate Equal Protection." *State v. Ways*, 2d Dist. Montgomery No. 25214, 2013-Ohio-293, ¶ 21. *See also State v. Pritschau*, 11th Dist. Lake No. 2015-L-115, 2016-Ohio-7147, ¶ 27 ("Even if appellant would have been able to post bond when she was first arrested in the underlying case, she would not have been released because she was serving the sentences from the other cases. As a result, she is not entitled to any jail-time credit for that period.").

{¶34} Because Salmons was serving his sentence on Union County Case numbers 17-CR-0225 and 18-CR-0027 in the time period between his sentencing hearings for those cases on December 14, 2018 and his sentencing hearing for the instant case on December 27, 2018, Salmons was not entitled to jail-time credit for the time elapsed during the two sentencing hearings. Therefore, the trial court did not err by not granting Salmons jail-time credit for this period.

{¶35} Accordingly, Salmons's third assignment of error is overruled.

{¶36} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**