[Cite as *State v. Pate*, 2020-Ohio-4190.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-L-012** |
| DEMARKES T. PATE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2019 CR 000781.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Jennifer A. McGee,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Adam Parker,* 11459 Mayfield Road, #309, Cleveland, OH 44106 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Demarkes Pate, appeals the January 30, 2020 Judgment Entry of the Lake County Court of Common Pleas sentencing him to a total of 36 months imprisonment. For the reasons stated herein, the judgment is affirmed.

{¶2} The following undisputed facts are pertinent to this appeal. In the early morning of March 3, 2019, a Chevy Cruze belonging to a guest at the Crown Plaza Hotel in Cleveland, Ohio was stolen from the hotel's garage. The hotel staff determined

that an unidentified individual convinced the valet attendant that the car belonged to him. Using the car's Onstar geolocation system, police recovered the vehicle around 10:00 A.M. the same day in a McDonald's parking lot in Mentor, Ohio. Police arrested appellant, who was found inside the vehicle. The next day, a BMW went missing from the parking lot of a Planet Fitness in Painesville. A Planet Fitness staff member testified to having seen appellant, who had a membership there, at that gym on that day. The BMW was later found in Painesville, Ohio. After learning appellant was at the Planet Fitness that day, police met with appellant and he willingly went to the police station to speak with them. Appellant's DNA was found in the BWM. Appellant was charged with two counts of Receiving Stolen Property, felonies of the fourth degree, in violation of R.C. 2913.51(A).

{¶3} The case proceeded to trial, and the jury found him guilty of both counts. The court sentenced him to 18 months on each count to be served consecutively to each other and to the sentence imposed by the Cuyahoga County Court of Common Pleas in case number CR-19-638012-A. Appellant appealed, assigning six errors for our review. The first states:

{¶4} The trial court's denial of appellant's motion to sever constituted plain error.

{¶5} Under this assignment of error, appellant asserts that the state could not prove appellant had the requite knowledge if the cases had been severed. The state argues the evidence they presented would have been admissible as "other acts" evidence under Evid.R. 404(B) even if the counts had been severed, and that the evidence of each crime was simple and direct.

2

{¶6}  Generally, an appellate court reviews a trial court's decision of a motion to sever for abuse of discretion.  *State v. Brunelle-Apley,* 11th Dist. Lake No. 2018-L-014, 2008-Ohio-6412, ¶108.  However, "[t]his court has held that when a defendant fails to renew a motion to sever at the conclusion of the presentation of all of the evidence at trial * * * it is waived and the matter is reviewed for plain error."  *State v. Jackson*, 11th Dist. Lake No. 2017-L-140, 2018-Ohio-3241, ¶22, citing *State v. Appenzeller*, 11th Dist. Lake No. 2006-L-258, 2008-Ohio-7005, ¶75-76.  This is the case here, as appellant's counsel failed to renew the motion to sever at the conclusion of the presentation of all evidence.  "Plain error exists when it can be said that but for the error, the outcome of the trial would clearly have been otherwise."  *State v. Issa*, 93 Ohio St.3d 49, 56 (2001).

{¶7}  Crim.R. 8(A) permits that "[t]wo or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct."  *Id.*  "The law generally favors joinder of multiple offenses in a single trial."  *Brunelle-Apley, supra,* at ¶105, citing *State v. Franklin,* 62 Ohio St.3d 118, 122 (1991).  However, "[i]f it appears that a defendant or the state is prejudiced by a joinder of offenses * * * the court shall order an election or separate trial of counts, * * * or provide such other relief as justice requires."  Crim.R. 14.

{¶8}  A defendant who claims that joinder was improper must affirmatively show that his rights have been prejudiced and provide the court with information sufficient to

3

demonstrate that he would be deprived of the right of a fair trial if joinder is permitted. *Brunelle-Apley, supra,* at ¶107. However, the state may negate a defendant's claim of prejudice by demonstrating either of the following: (1) that the evidence to be introduced relative to one offense would be admissible in the trial on the other, severed offense, pursuant to Evid.R. 404(B) [the "other acts test"]; or (2) that, regardless of the admissibility of such evidence, the evidence relating to each charge is simple and direct [the "joinder test"]." *Id.* See also *State v. Lott,* 51 Ohio St.3d 160 (1990). Furthermore, the Supreme Court of Ohio has held that "when simple and direct evidence exists, an accused is not prejudiced by joinder regardless of the non-admissibility of evidence of these crimes as "other acts" under Evid.R. 404(B)." *Id.* at 163.

{¶9} The evidence the state presented in support of Count 1 included testimony of the owner of the first stolen vehicle; the manager of the valet company which had possession of the vehicle when it was stolen; the police officer who recovered the stolen vehicle; body camera footage of appellant's arrest; and an audio recording of appellant's arraignment.

{¶10} The evidence the state presented in support of Count 2 included testimony from the owner of the second stolen vehicle and his brother, who had permission to use the vehicle when it was stolen; an employee of the gym where the owner's keys were taken; and the law enforcement officers who investigated the crime, including testimony regarding the forensic evidence collected from the stolen vehicle that matched appellant's DNA. The state argues the evidence it presented on each count passes both the "other acts test" and the "joinder test." We agree.

4

{¶11} In this case, the evidence for each count was presented separately and in chronological order. The evidence was uncomplicated. There were no witnesses who testified in regard to both counts. According, we find the evidence presented for each count was simple and direct. While this alone is grounds to overrule this first assignment of error, a discussion of the admissibility is pertinent to subsequent assignments of error.

{¶12} Turning then to the other acts test, evidence of other crimes, wrong, or acts are not admissible to show the person acted in conformity with prior actions. Evid.R. 404(B). However, evidence of other acts "may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* The state argues the evidence of each crime helped establish identity, plan, and absence of mistake in the other, while appellant argues the evidence of each crime was not unique enough to show commonality.

{¶13} "When the identity of the perpetrator is at issue, 'other act' evidence tends to show the defendant's identity as the perpetrator by showing that he 'committed similar crimes within a period of time reasonably near to the offense on trial, and that a similar scheme, plan or system was utilized to commit both the offense at issue and the other crimes.'" *State v. Shedrick*, 61 Ohio St.3d 331, 337 (1991), quoting *State v. Curry*, 43 Ohio St.2d 66, 73 (1975). Here, both incidents involved the theft of a motor vehicle by stealing the keys to the vehicle which were not in the immediate supervision of the owner. The crimes happened less than 24 hours apart and relatively geographically

close. The evidence also showed that appellant drove both vehicles shortly after they were stolen.

{¶14} Moreover, "[e]vidence of extrinsic acts may be used to prove intent or guilty knowledge when it is a genuine issue in a case. The acts should tend to prove that the accused understood the wrongful nature of his act by virtue of the fact that he committed prior or subsequent wrongful acts." *State v. Smith*, 49 Ohio St.3d 137, 140 (1990), citing *State v. Greer*, 66 Ohio St.2d 139 (1981). Indeed, the parties do not disagree that knowledge was at issue in the case. The similarities and proximity of the incidents tend to show that appellant knew or should have known that the vehicles in which he or his DNA was found were stolen.

{¶15} Moreover, while appellant argues that the jury was prejudiced by the other acts evidence, the trial court specifically instructed the jury to consider each count and the related evidence separately. Absent evidence to the contrary, jurors are presumed to have obeyed the trial court's instructions. *State v. Henderson,* 39 Ohio St.3d 24, 33 (1988).

{¶16} In light of the foregoing, we are not persuaded the outcome would have been different, and thus we find no plain error. Accordingly, appellant's first assignment of error is without merit.

{¶17} The second assignment of error states:

{¶18} The trial court abused its discretion by admitting other acts evidence.

{¶19} In addition to the evidence of each count, the state also showed evidence that appellant was in possession of a third stolen vehicle on March 5, 2019. Appellant

6

argues the testimony presented was inadmissible propensity evidence; the state maintains it was properly admitted as evidence of plan, identity, and lack of mistake.

{¶20} "'The admission or exclusion of relevant evidence rests within the sound discretion of the trial court.'" *State v. Long*, 11th Dist. Lake No. 2013-L-102, 2014-Ohio-4416, ¶20, quoting *State v. Sage*, 31 Ohio St.3d 173 (1987), paragraph two of the syllabus. "In general, when admission of evidence is within the discretion of the trial court, an appellate court shall not disturb evidentiary rulings absent an abuse of that discretion." *State v. Beavers*, 11th Dist. Ashtabula No. 2019-A-0028, 2020-Ohio-69, ¶22, citing *State v. Hymore*, 9 Ohio St.2d 122, 128 (1967). An abuse of discretion is a term of art, "connoting judgment exercised by a court, which neither comports with reason nor the record." *Id., quoting State v. Underwood,* 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶30. "When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error[.] * * * By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *Long, supra,* at ¶20*,* quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶67. See also *State v. Wade*, 11th Dist. Lake No. 2019-L-065, 2020-Ohio-2894, ¶13.

{¶21} The state presented evidence of this third incident to show it was unreasonable to believe that appellant had no knowledge the vehicles were stolen, when he was in possession of three stolen vehicles on three consecutive days. The third vehicle was stolen under very similar circumstances as the second stolen vehicle, which was the subject of Count 2. In both cases, the vehicles were taken from the

7

parking lot of a gym in Mentor and the keys were taken from gym patrons who had left them unsecured. Furthermore, appellant was seen in both gyms on the day and around the time each vehicle was stolen and was reported as acting suspiciously by gym staff (e.g. loitering or distracting staff). And, as in the incident involving the first vehicle, appellant was found in the vehicle a short time after it was stolen.

{¶22} Furthermore, the court provided the jury with a limiting instruction both after the presentation of evidence and before the jury retired, noting this evidence "was not received, and you may not consider it, to prove the character of the defendant in order to show that he acted in conformity with that character. * * * [Y]ou may consider that evidence only for the purpose of deciding whether it proves the absence of mistake or accident, and/or the defendant's plan to commit the offense charged in this trial, and/or the identity of the person who committed the offense in this trial. That evidence cannot be considered for any other purpose."

{¶23} We find the trial court did not err in admitting evidence of the third incident was admissible as it demonstrated appellant's lack of mistake, plan, and identity.

{¶24} Accordingly, appellant's second assignment of error is without merit.

{¶25} Appellant's third assignment of error states:

{¶26} The instructions given to the jury improperly informed them they could consider other-acts evidence for purposes for which it was inadmissible.

{¶27} Under this assignment of error, appellant argues the trial court erred in instructing the jury it could consider "other acts" evidence to show appellant's plan to commit the offenses charged because, he argues, the state only offered it to show identity and absence of mistake. As appellant did not object to the limiting instruction prior to the jury retiring, he was waived all but plain error. Crim.R. 30(A) ("[o]n appeal, a

8

party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict"); *State v. Williford,* 49 Ohio St.3d 247, 251 (1990) ("[w]e have repeatedly held that a failure to object before the jury retires in accordance with the second paragraph of Crim.R. 30(A), absent plain error, constitutes a waiver"); *State v. Dyer,* 11th Dist. Lake No. 2015-L-121, 2017-Ohio-426, ¶41.

{¶28} Appellant's assertion is not supported by the record. In the state's notice of intent to use 404(B) evidence, the state expressly indicated its intention to offer the evidence for the purpose of showing appellant's plan, identity, and lack of mistake. At trial, after appellant objected to the admission of the other acts evidence, the state argued the three incidents showed a pattern, absence of mistake, and identity. Furthermore, during closing arguments, the state stated the third incident showed absence of mistake, a plan to commit the offenses charged, and the identity of the defender.

{¶29} As the state consistently stated it presented evidence of the third incident to show identity, plan, and absence of mistake, we find no plain error in the court's limiting instruction. Accordingly, appellant's third assignment of error is without merit.

{¶30} Appellant's fourth assignment of error states:

{¶31} Trial counsel was ineffective for failing to renew its motion to sever.

{¶32} The Supreme Court of Ohio has held that "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989). "'[A] court need not determine whether counsel's performance was deficient before

9

examining the prejudice suffered by the defendant as a result of the alleged deficiencies. * * * If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'" *Id.* at 143, quoting *Strickland v. Washington*, 466 U.S. 668, 697 (1984). In determining if the defendant was prejudiced, "[t]he defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id.* at 669.

{¶33} As we determined under appellant's first assignment of error, the evidence of each of the charges would have been admissible at the trial of the other, had the charges been severed. Thus, even if appellant's defense counsel had renewed the motion to sever, we are not convinced the outcome would not have been different.

{¶34} Appellant has failed to show a prejudice arising from defense counsel's performance, and accordingly we do not find defense counsel was ineffective. Appellant's fourth assignment of error is without merit.

{¶35} Appellant's fifth assignment of error states:

{¶36} Cumulative error deprived appellant of a fair trial under the Sixth Amendment.

{¶37} Under the doctrine of cumulative error, "a conviction will be reversed where the cumulative effect of errors in a trial deprives a defendant of the constitutional right to a fair trial even though each of numerous instances of trial court error does not individually constitute cause for reversal." *State v. Garner*, 74 Ohio St.3d 49, 64 (1995).

10

{¶38} Under this assignment of error, appellant argues that the errors he asserts in assignments of error one through four collectively amount to cumulative error, depriving him of a fair trial under the Sixth Amendment. However, as we have found no error under appellant's first four assignments of error, the doctrine of cumulative error is not applicable here. *See id.*

{¶39} Accordingly, appellant's fifth assignment of error is without merit.

{¶40} Appellant's sixth assignment of error states:

{¶41} Appellant's sentence is contrary to law where none of the factors making the offense more seriousness are present.

{¶42} Under this assignment of error, appellant argues the trial court erred by sentencing him to a maximum and consecutive prison term of 36 months.

{¶43} "[A]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶23. "'Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶22 quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. "As a practical consideration, this means that appellate courts are prohibited from substituting their judgment for that of the trial judge. * * * 'This is an extremely deferential standard of review.'" *State v. Mullins*, 11th Dist. Portage No. 2012-P-0144, 2013-Ohio-4301, ¶21, quoting *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶21.

11

{¶44} "In sentencing an offender for a felony, a trial court is required to consider the purposes of felony sentencing in R.C. 2929.11(A) and consider the statutory seriousness and recidivism factors in R.C. 2929.12(A)." *State v. Hull*, 11th Dist. Lake No. 2016-L-035, 2017-Ohio-157, ¶18. However, a sentencing court is not required to "'use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors [of R.C. 2929.12].'" *State v. Webb*, 11th Dist. Lake No. 2003-L-078, 2004-Ohio-4198, ¶10, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215, 2000-Ohio-302.

{¶45} As this court has previously held, "'"a maximum sentence is not contrary to law when it is within the statutory range and the trial court considered the statutory principles and purposes of sentencing as well as the statutory seriousness and recidivism factors."'" (Citation omitted.) *State v. Pritschau*, 11th Dist. Lake No. 2015-L-115, 2016-Ohio-7147, ¶21 quoting *State v. Talley*, 11th Dist. Trumbull No. 2014-T-0098, 2015-Ohio-2816, ¶15. Here, the sentences are within the statutory range and the court expressly noted it considered the statutory principles and purposes of sentencing and the statutory seriousness and recidivism factors in R.C. 2929.11, 2929.12, and 2929.13.

{¶46} Furthermore, in order to impose consecutive sentences, the sentencing court must find that:

{¶47} consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶48} (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

12

{¶49} (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶50} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14.

{¶51} At sentencing, the court found that R.C. 2929.14(C)(4)(b) and (c) applied, stating, "I also find at least two of the offenses were committed as part of a course, one or more courses of conduct. The harm caused by at least two of these offenses [is] so great or unusual that no single prison term for any offense committed as part of and the course of conduct adequately reflects the seriousness of your conduct. I also find that your history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by you."

{¶52} Accordingly, appellant's sixth assignment of error is without merit.

{¶53} In light of the foregoing, the judgment of the Lake County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, P.J.,

MATT LYNCH, J.,

concur.

13