[Cite as *State v. McKinnon*, 2021-Ohio-35.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-03-039 |
| | | CA2020-02-027 |
| | : | |
| - vs - | | O P I N I O N |
| | : | 1/11/2021 |
| SYLVESTER MCKINNON III, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case Nos. CR2019-07-1152, CR2019-01-0119, and CR2019-04-0525


Michael T. Gmoser, Butler County Prosecuting Attorney, Stephen M. Wagner, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for appellant


**PIPER, J.**

{¶1} Appellant, Sylvester McKinnon, appeals his sentence in the Butler County Court of Common Pleas after pleading guilty to multiple charges including failure to appear, aggravated assault, and operating a vehicle while under the influence ("OVI").

{¶2} The current appeal involves three separate cases in which McKinnon was the criminal defendant. In the first case, he was indicted on single counts of tampering with evidence, failure to comply with an order of a police officer, obstructing official business, failure to disclose personal information, and OVI. McKinnon pled guilty to attempted tampering with evidence and OVI, and the remaining charges were dismissed. In the second case, McKinnon was indicted on one count of failure to appear, to which he pled guilty. In the third case, McKinnon was indicted on four counts of aggravated burglary, one count of aggravated robbery, one count of grand theft of a motor vehicle, and two counts of felonious assault. McKinnon pled guilty to an amended charge of aggravated assault, and the remaining charges were dismissed.

{¶3} The trial court sentenced McKinnon on all three cases simultaneously. In the first case, McKinnon was sentenced to an aggregate prison term of one year. The trial court awarded McKinnon 218 days of jail-time credit. In the second case, McKinnon was sentenced to one year, to be served concurrently with the first sentence. As such, McKinnon received 218 days of jail credit in the second case. In the third case, McKinnon was sentenced to 15 months in prison. The trial court ordered this sentence to run consecutive to the sentences in the first two cases, and did not award any jail-time credit. McKinnon now appeals the trial court's sentence, raising the following assignment of error:

{¶4} THE TRIAL COURT IMPOSED A SENTENCE CONTRARY TO LAW WHEN IT FAILED TO GIVE MR. MCKINNON JAIL-TIME CREDIT.

{¶5} McKinnon argues in his assignment of error that the trial court erred by not awarding him jail-time credit on his sentence for the third case.

{¶6} The Equal Protection Clause and Ohio's sentencing statutes require that all time spent in jail prior to trial and prior to commitment must be credited to a prisoner's

sentence. *State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7. Although the principle of crediting time served seems fairly straightforward, in practice, it can be complicated when the defendant is charged with multiple crimes committed at different times. *State v. Haley,* 12th Dist. Butler No. CA2012-10-212, 2013-Ohio-4531, ¶ 21. The Ohio Supreme Court has thus addressed the difference between an instance where the defendant is ordered to serve consecutive sentences versus when he or she is ordered to serve a concurrent sentence. *Fugate.*

{¶7} "When concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit. R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held." *Id.* at ¶ 12.

{¶8} Conversely, the defendant is not entitled to jail-time credit on multiple sentences when such defendant is sentenced to consecutive terms in which the terms of imprisonment are served one after another. *Id.* at ¶ 10. Instead, jail-time credit "applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence." *Id.* at ¶ 22. "A defendant sentenced to consecutive sentences on multiple charges does not have the right to multiply his single period of pretrial confinement by the number of convictions entered against him." *State v. Salmons*, 3d Dist. Union No. 14-19-02, 2019-Ohio-3541, ¶ 30.

{¶9} Due to the consecutive nature of his sentences, McKinnon was entitled to one jail-time credit to reduce the total stated prison term. The time he served in jail was properly credited to his 12-month concurrent sentences in the first and second cases. When the consecutive sentence was imposed in the third case, the 218-day credit reduced the entire length of Mckinnon's prison sentence. Thus, McKinnon was not denied any jail-time credit

he was owed. Having found no error in the trial court's sentencing decision, McKinnon's single assignment of error is overruled.

{¶10} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.