[Cite as *State v. Ewert*, 2012-Ohio-2671.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

      Plaintiff-Appellee

-vs-

JOSHUA EWERT

      Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. William B. Hoffman, J.
Hon. John W. Wise, J.

Case No. CT2012-0002


O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. CR2011-0203 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 14, 2012 |


APPEARANCES:

For Plaintiff-Appellee

D. MICHAEL HADDOX
PROSECUTING ATTORNEY
RONALD L. WELCH
ASSISTANT PROSECUTOR
27 North Fifth Street
Zanesville, Ohio 43701

For Defendant-Appellant

ROBERT D. ESSEX
604 East Rich Street
Columbus, Ohio 43215

*Wise, J.*

{¶1} Defendant-Appellant Joshua Ewert appeals his sentence and conviction on one count of breaking and entering and one count of theft following a guilty plea in the Muskingum County Court of Common Pleas.

{¶2} Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE CASE AND FACTS

{¶3} On September 7, 2011, Appellant Joshua Ewert was indicted for one count of Breaking and Entering in violation of R.C. 2911.13, a felony of the fifth degree, and one count of Theft in violation of R.C. 2913.02, also a felony of the fifth degree.

{¶4} On December 6, 2011, Appellant pled guilty to both counts.

{¶5} No joint recommendation or recommendation from the State was made as to sentencing other than a request for restitution of $3,810.62.

{¶6} The State agreed that Counts 1 and 2 merged for purposes of sentencing and that Appellant should be sentenced on Count 1.

{¶7} The trial court accepted Appellant's pleas, denied trial counsel's request for a presentence investigation, and proceeded to sentence Appellant to a maximum sentence of 12 months on Count One.

{¶8} Appellant now appeals the sentence, assigning the following error for review:

## ASSIGNMENT OF ERROR

{¶9} "I. PURSUANT TO OHIO REVISED CODE 2953.08, THE TRIAL COURT'S SENTENCE WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW, WAS AN

ABUSE OF DISCRETION, AND VIOLATED THE PROPORTIONALITY REQUIREMENT OF OHIO SENTENCING LAWS. "

**I.**

{¶10} In his sole assignment of error, Appellant argues that the trial court erred in sentencing. We disagree.

{¶11} Within this assignment of error, defendant complains that the trial court did not properly consider or apply the sentencing factors set forth in R.C. 2929.12 or apply the need for rehabilitation under R.C. 2929.11(A). He additionally complains that the court failed to consider the proportionality of the sentence.

{¶12} We begin our analysis with the premise that the trial court has wide discretion to sentence an offender within the allowable statutory range permitted for a particular degree of offense. *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856. In *State v. Foster,* the Ohio Supreme Court stated that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." *Id.* at paragraph seven of the syllabus.

{¶13} R.C. 2929.11(B) provides that a felony sentence must be reasonably calculated to achieve the two purposes set forth in R.C. 2929.11(A): commensurate with and not demeaning to the seriousness of the crime and its impact on the victim and consistent with sentences imposed on similarly-situated offenders. The court must also consider the seriousness and recidivism factors under R.C. 2929.12.

{¶14} However, R.C. 2929.11 and 2929.12 do not mandate judicial fact-finding. Rather, "[t]he court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. Thus, "in

exercising its discretion, a court is merely required to 'consider' the purposes of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12." *State v. Sutton,* 8th Dist. No. 97132, 2012–Ohio–1054, ¶ 11, citing *State v. Lloyd,* 11th Dist. No. 2006–L–185, 2007-Ohio-3013, ¶ 44.

**{¶15}** Subsequent to *Foster,* in a plurality opinion, the Ohio Supreme Court established a two-step procedure for reviewing a felony sentence. *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step is satisfied, the second step requires the trial court's decision be reviewed under an abuse-of-discretion standard. *Id.*

**{¶16}** In *State v. Hodge,* 128 Ohio St.3d 1, 2010-Ohio-6320, the Ohio Supreme Court recently held, at paragraph two of the syllabus, that the United States Supreme Court's decision in *Oregon v. Ice,* 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, did not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *Foster* and imposed no fact-finding obligation on Ohio's trial courts. *Id.* at ¶ 39.

**{¶17}** The General Assembly recently amended R.C. 2929.14(C)(4) and enacted new language requiring fact-finding for consecutive sentences. Am.Sub.H.B. No. 86. This legislation became effective September 30, 2011.

**{¶18}** The value in the theft count was altered by H.B. 86, but the level of the offense was not changed.

**{¶19}** In the first step of our analysis, we review whether the sentence imposed is contrary to law.

**{¶20}** In the case at bar, Appellant was convicted of one count of breaking and entering, in violation of R.C. 2911.13 and one count of theft, in violation of R.C. 2913.02, both fifth degree felonies. The trial court merged the counts and sentenced Appellant on the Breaking and Entering count.

**{¶21}** Upon conviction for a felony of the fifth degree, the statutory sentencing range is six, seven, eight, nine, ten, eleven, or twelve months. R.C. 2929.14(A)(5).

**{¶22}** Here, the trial court sentenced Appellant to the maximum sentence of twelve months.

**{¶23}** Upon review, we find that the trial court's sentencing on the charge complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised Appellant regarding post-release control. We therefore find that the sentences are not clearly and convincingly contrary to law.

**{¶24}** Having determined that the sentence is not contrary to law we must now review the sentence pursuant to an abuse of discretion standard. *Kalish* at ¶ 4; State *v. Firouzmandi*, *supra* at ¶ 40. In reviewing the record, we find that the trial court gave careful and substantial deliberation to the relevant statutory considerations.

**{¶25}** Where the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation.

Where the record adequately justifies the sentence imposed, the court need not recite its reasons. *State v. Middleton* (Jan. 15, 1987), 8th Dist. No. 51545.

{¶26} In other words, an appellate court may review the record to determine whether the trial court failed to consider the appropriate sentencing factors. *State v. Firouzmandi,* 5th Dist. No. 2006–CA-41, 2006–Ohio–5823 at ¶ 52.

{¶27} Accordingly, appellate courts can find an "abuse of discretion" where the record establishes that a trial judge refused or failed to consider statutory sentencing factors. *Cincinnati v. Clardy* (1978), 57 Ohio App.2d 153, 385 N.E.2d 1342.

{¶28} An "abuse of discretion" has also been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. *Woosley v. United States* (1973), 478 F.2d 139, 147. The imposition by a trial judge of a sentence on a mechanical, predetermined or policy basis is subject to review. *Woosley, supra* at 143–145. Where the severity of the sentence shocks the judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants, and the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate court's can reverse the sentence. *Woosley, supra* at 147. This by no means is an exhaustive or exclusive list of the circumstances under which an appellate court may find that the trial court abused its discretion in the imposition of sentence in a particular case. *State v. Firouzmandi, supra.*

{¶29} Upon review of the record, we find no evidence the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor. We find nothing in the record of Appellant's

case to suggest that his sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment.

**{¶30}** The trial court in this case considered Appellant's extensive criminal history, which included the fact that Appellant had just finished serving an eleven (11) month sentence three weeks before he committed the instant offense. (T. at 12). Appellant also had additional trespass and theft charges pending in municipal court at the time of this sentencing. *Id.*

**{¶31}** As to Appellant's additional challenge regarding the proportionality and consistency of the sentence, we note that he did not challenge the proportionality of his sentence or the consistency of it as compared to other similar offenders in the court below, therefore, he has waived this issue. *State v. Santiago,* 8th Dist. No. 95516, 2011–Ohio–3058; *State v. Lycans,* 8th Dist. No. 93480, 2010–Ohio–2780.

**{¶32}** As relevant to this appeal, under R.C. 2929.11(B), a felony sentence must be "consistent with sentences imposed for similar crimes committed by similar offenders." "To support a claim that a 'sentence is disproportionate to sentences imposed upon other offenders, a defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal.' " *State v. Searles,* 8th Dist. No. 96549, 2011–Ohio–6275, ¶ 25, quoting *State v. Edwards,* 8th Dist. No. 89181, 2007–Ohio–6068, ¶ 11.

**{¶33}** A felony sentence should be proportionate to the severity of the offense committed, so as not to "shock the sense of justice in the community." *State v. Chafin,* 30 Ohio St.2d 13, 17. *See also* R.C. 2929.11(B). A defendant alleging disproportionality

in felony sentencing has the burden of producing evidence to "indicate that his sentence is directly disproportionate to sentences given to other offenders with similar records who have committed these offenses * * *." *State v. Breeden,* 8th Dist. No. 84663, 2005–Ohio–510, ¶ 81.

**{¶34}** Not only did Appellant not raise this issue below, Appellant fails to provide this Court with any explanation or evidence as to why or how Appellant's sentence is disproportionate.

**{¶35}** While not specifically raised as error, Appellant cites to the trial court's failure to order a pre-sentence investigation in this case before imposing his sentence. We note that Crim.R. 32.2. provides that "[i]n felony cases the court shall, and in misdemeanor cases the court may, order a presentence investigation and report before imposing community control sanctions or granting probation." Therefore, unless a sentencing court is imposing community control or granting probation in a felony case, there is no requirement that a court order a pre-sentence investigation. *State v. Cyrus* (1992), 63 Ohio St.3d 164.

{¶36} Appellant's sole Assignment of Error is overruled.

{¶37} For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.

_____

_____

_____

                                                            JUDGES

JWW/d 0606

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                         :
                                      :
    Plaintiff-Appellee               :
                                      :
-vs-                                  :            JUDGMENT ENTRY
                                      :
JOSHUA EWERT                          :
                                      :
    Defendant-Appellant              :            Case No. CT2012-0002


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

Costs assessed to Appellant.


                            _____


                            _____


                            _____

                                          JUDGES