[Cite as *State v. Rognon*, 2019-Ohio-4222.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY


STATE OF OHIO,

      PLAINTIFF-APPELLEE,                     CASE NO. 8-19-14

      v.

CAMERON ROGNON,                         **O P I N I O N**

      DEFENDANT-APPELLANT.


**Appeal from Logan County Common Pleas Court**
**Trial Court No. CR 18 08 0242**

**Judgment Affirmed**

**Date of Decision: October 15, 2019**


**APPEARANCES:**

    *Charles A. Koenig* **for Appellant**

    *Alice Robinson-Bond* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Cameron Rognon ("Rognon"), appeals the February 28, 2019 judgment of sentence of the Logan County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On August 14, 2018, the Logan County Grand Jury indicted Rognon on nine counts: Count One of rape against K.H. in violation of R.C. 2907.02(A)(1)(b), (B), a first-degree felony; Count Two of attempted rape against K.H. in violation of R.C. 2907.02(A)(1)(b), (B) and R.C. 2923.02(A), (E)(1), a second-degree felony; Counts Three through Five of gross sexual imposition against K.H. in violation of R.C. 2907.05(A)(4), (C)(2), third-degree felonies; and Counts Six through Nine of public indecency in violation of R.C. 2907.09(B)(4), (C)(5), first-degree misdemeanors. (Doc. No. 2). On August 17, 2018, Rognon appeared for arraignment and entered pleas of not guilty. (Doc. No. 10).

{¶3} On October 9, 2018, the Logan County Grand Jury issued a superseding indictment[1] wherein Rognon was indicted on the nine counts in the initial indictment and two additional counts: Count Ten of gross sexual imposition against D.R. in violation of R.C. 2907.05(A)(5), (C)(1), a fourth-degree felony and Count Eleven of public indecency in violation of R.C. 2907.09(B)(4), (C)(5), a first-degree

---

[1] Hereinafter, all references to the "indictment" are referring to the superseding indictment filed on October 9, 2018. (*See* Doc. No. 24).

misdemeanor. (Doc. No. 24). On October 12, 2018, Rognon appeared for an arraignment and entered pleas of not guilty. (Doc. No. 31).

{¶4} On January 25, 2019, under a negotiated plea agreement, Rognon withdrew his pleas of not guilty and enter pleas of guilty to Counts Five and Ten of the indictment. (Doc. No. 122). In exchange, the State agreed to recommend dismissal of the remaining counts in the indictment. (*Id.*). The trial court accepted Rognon's guilty pleas, found him guilty of both counts, and ordered a presentence investigation ("PSI"). (*Id.*). In addition, the trial court dismissed the remaining counts of the indictment. (*Id.*).

{¶5} On February 28, 2019, the trial court sentenced Rognon to 60 months in prison on Count Five and 12 months in prison on Count Ten and ordered that Rognon serve the sentences consecutively. (Doc. No. 123).

{¶6} Rognon filed his notice of appeal on March 27, 2019. (Doc. No. 136). He raises three assignments of error for our review. We begin by addressing Rognon's first assignment of error. Then, we will address his second and third assignments of error together because they concern related issues.

### Assignment of Error No. I

**The trial court erred when it exercised venue over Appellant with respect to Count 10, notwithstanding the State's failure to establish beyond a reasonable doubt that the Logan County Court of Common Pleas had venue over the underlying offense, which had occurred solely in Union County, and, accordingly, its**

**conviction of Appellant for Gross Sexual Imposition occurring outside the boundaries of Logan County, Ohio is void.**

{¶7} In his first assignment of error, Rognon argues that the trial court erred by exercising venue over him with respect to Count Ten because the activity involved in Count Ten occurred entirely in Union County and the State did not establish that the offense occurred as part of a criminal course of conduct that included crimes in Logan County.

{¶8} As an initial matter, Rognon appears to conflate subject matter jurisdiction and venue. Rognon argues that because he objected to venue for the first time on appeal, this court should apply a plain error standard of review in determining whether the Logan County Court of Common Pleas had venue over Count Ten. *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 142. However, "[i]n contrast with subject matter jurisdiction, which may be challenged at any time, venue is not jurisdictional." *State v. Buoni*, 10th Dist. Franklin Nos. 11AP-111, 11AP-148, and 11AP-149, 2011-Ohio-6665, ¶11, citing *State v. Andrews*, 148 Ohio App.3d 92, 2002-Ohio-787, ¶ 20 (10th Dist.). "A defendant 'waives the right to challenge venue when the issue is raised for the first time on appeal.'" *Id.*, quoting *State v, Wheat*, 10th Dist. Franklin No. 05AP-30, 2005-Ohio-6958, ¶ 10, citing *State v. Loucks*, 28 Ohio App.2d 77, 78 (4th Dist.1971). *See State v. Montgomery*, 3d Dist. Putnam No. 12-13-11, 2014-Ohio-1789, ¶ 14 (finding that the defendant waived the issue of venue by failing to raise it at the trial court level).

*See also State v. Brady*, 3d Dist. Crawford No. 3-92-23, 1992 WL 368772, *1 (Dec. 1, 1992).

{**¶9**} Moreover, not only did Rognon waive venue by failing to challenge it before the trial court, he also admitted venue by entering guilty pleas to Counts Five and Ten. "Venue is not a material element of any offense charged." *Jackson* at ¶ 143, citing *State v. Smith*, 87 Ohio St.3d 424, 435 (2000), citing *State v. Headley*, 6 Ohio St.3d 475, 477 (1983). "Nevertheless, venue is a fact that must be proved beyond a reasonable doubt unless it is waived by the defendant." *Id.*, citing *Headley* at 477. Here, the State attempted to establish venue under R.C. 2901.12(H), which provides that "[w]hen an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred." Rognon argues that the State failed to prove beyond a reasonable doubt that the activity constituting Count Ten of the indictment was committed as part of a course of criminal conduct with the activity constituting Count Five of the indictment, which occurred in Logan County. (Appellant's Brief at 5-10).

{**¶10**} However, Rognon entered guilty pleas to Counts Five and Ten of the indictment, and the indictment included language specifying that Count Ten occurred "as part of a course of criminal conduct * * * and the victim involved is of

the same type or same group as the victim in Counts 1 through 9, and/or the offense was committed by the offender in the victim's same capacity or relationship to the victim in Counts 1 through 9, and/or the offenses were committed in furtherance of the same purpose or objective as that found in Counts 1 through 9, and/or the offense involved the same or similar modus operandi as the offenses in Counts 1 through 9." (Doc. No. 24). (*See* Doc. No. 122). Because Rognon entered a guilty plea to Count Ten, the State was no longer required to prove venue beyond a reasonable doubt. *See Montgomery* at ¶14, citing *State v. McCartney*, 55 Ohio App.3d 170 (9th Dist.1988), syllabus ("Quite simply, Montgomery's guilty plea precludes the venue argument on appeal."); *Buoni* at ¶ 12 (stating that defendant's guilty plea waived the right of the defendant to challenge venue, "including the indictment language that asserted the Delaware County crimes were part of a continuing course of conduct ending in Franklin County"); *State v. Rivera*, 6th Dist. Lucas No. L-13-1177, 2014-Ohio-2690, ¶ 9 ("'[A] defendant's plea of guilty precludes his right to challenge the factual issue of venue.'"), quoting *State v. Peters*, 6th Dist. Sandusky No. S-95-010, 1995 WL 668915, *2 (Nov. 9, 1995). Thus, the trial court did not err by exercising venue over Rognon with respect to Count Ten.

{¶11} Accordingly, Rognon's first assignment of error is overruled.

**Assignment of Error No. II**

**The trial court erred when it sentenced Appellant to consecutive terms of imprisonment when the record did not**

**support the findings required to be made under Ohio Revised Code Section 2929.14(C)(4).**

**Assignment of Error No. III**

**The trial court erred in imposing the maximum sentence allowed for Appellant's conviction on Count 5, which was not consistent with sentences imposed for similar crimes by similar offenders.**

{¶12} In his second and third assignments of error, Rognon argues that his sentence is not supported by the record or otherwise contrary to law. Specifically, in his second assignment of error, Rognon argues that the record does not support the trial court's imposition of consecutive sentences. In this third assignment of error, Rognon argues that the trial court erred by imposing a sentence of 60 months with respect to Count Five because the sentence is not consistent with sentences imposed for similar crimes by similar offenders.

{¶13} "Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 8, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. "Clear and convincing evidence is that '"which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to

be established.'"'" *Id.*, quoting *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶14}** We turn first to Rognon's argument that the record does not support the imposition of consecutive sentences. "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

> (4) * * * [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)  At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)  The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶15} R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record when imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33.  Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*; *Id.*

{¶16} The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29.  A

trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

**{¶17}** Rognon does not argue that the trial court failed to make the requisite consecutive-sentencing findings under R.C. 2929.14(C)(4). Rather, Rognon contends that the record does not support the trial court's findings. At the sentencing hearing, the trial court stated:

> The Court finds that consecutive sentences are appropriate. It is supported by the record in that it is necessary to punish the offender and to protect the public from [Rognon's] future crime. I do not believe the sentence is disproportionate to the serious conduct or the danger that he posed and it is justified on the basis * * * that there are two or more offenses which are part of the course of conduct and the harm that has been caused to the family is so great that a single prison term simply would not adequately reflect the seriousness of the conduct.

(Feb. 28, 2019 Tr. at 14). The trial court incorporated those findings into its sentencing entry. (Doc. No. 123). In its sentencing entry, the trial court stated:

> The Court finds that consecutive sentences are necessary to protect the public from future crime and/or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(*Id.*). Accordingly, the record reflects that the trial court made the appropriate R.C. 2929.14(C)(4) findings before imposing consecutive sentences and incorporated those findings into its sentencing entry.

{¶18} Nonetheless, Rognon argues that although "the trial court provided lip-service to all the factors necessary to justify the imposition of consecutive sentences," the record does not support the trial court's findings under R.C. 2929.14(C)(4). (Appellant's Brief at 12-14). We disagree.

{¶19} Rognon's principal contention is that the record does not support the trial court's finding that the offenses were part of a course of criminal conduct. In support of his position, Rognon echoes his arguments from the first assignment of

error and contends that the State did not sufficiently prove that the actions underlying Counts Five and Ten of the indictment were part of a course of conduct. (Appellant's Brief at 14-15). Rognon opines that because the State did not establish that the behavior underlying Counts Five and Ten of the indictment was part of a course of conduct, the trial court erred when it found that R.C. 2929.14(C)(4)(b) applied.

{¶20} As detailed in our discussion of Rognon's first assignment of error, by entering a plea of guilty to Counts Five and Ten of the indictment, Rognon admitted to each of the allegations therein, including that the offenses were committed as a course of conduct. Moreover, in support of the trial court's finding that the harm caused by the multiple offenses was so great or unusual that no single prison term adequately reflects the seriousness of the offender's conduct, the trial court referenced the impact the offenses had on the victims who were both family members. In particular, the trial court referenced the impact the offenses had on the victim in Count Five's relationship with her extended family members, many of whom were reluctant to acknowledge Rognon's actions. (Feb. 28, 2018 Tr. at 6-8). The trial court acknowledged that the family relationships were "disrupted * * * beyond measure." (Feb. 28, 2019 Tr. at 7). Thus, the record supports the trial court's finding under R.C. 2929.14(C)(4)(b).

{¶21} With respect to the trial court's findings that consecutive sentences are necessary to protect the public from future crime and that consecutive sentences are not disproportionate to the seriousness of the Rognon's conduct and to the danger he poses to the public, Rognon summarily argues that he has no prior criminal history, admitted his guilt, expressed a desire to obtain counseling, and scored in the lowest-risk category on his Ohio Risk Assessment System ("ORAS") analysis. At the sentencing hearing, the trial court acknowledged these mitigating factors. (*Id.* at 7-9). Nevertheless, the record supports the trial court's findings under R.C. 2929.14(C)(4) that consecutive sentences are necessary to protect the public or punish the offender.

{¶22} In support of its finding that consecutive sentences are necessary to protect the public and would not be disproportionate to the offense committed, the trial court acknowledged that Rognon was confronted about his sexual behavior involving D.R., the victim in Count Ten, and that instead of stopping the behavior, he continued to perpetrate the same behavior against K.H., the victim in Count Five. (Feb. 28, 2019 Tr. at 10). The trial court stated that Rognon's actions after being confronted "indicate * * * that this is a person [who is] not going to alter his behavior even in the face of having been caught." (*Id.*). *See State v. Jones*, 93 Ohio St.3d 391, 400 (2001), *abrogated on other grounds*, *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855 (finding that the fact that the defendant had committed similar

crimes against two victims "is clearly related to the seriousness of appellee's conduct and the likelihood that he will offend again in the future, both of which are factors to support consecutive sentences * * *"). Additionally, the trial court noted that Rognon was in a position of trust with respect to the victims. (Feb. 28, 2019 Tr. at 8).

**{¶23}** Based on the foregoing, we conclude that there is not clear and convincing evidence that Rognon's consecutive sentences are not supported by the record.

**{¶24}** We now turn to Rognon's third assignment of error, in which he argues that the trial court erred by imposing the maximum sentence permitted with respect to Count Five. "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. As a third-degree felony, gross sexual imposition carries a sanction of 12 to 60 months' imprisonment. R.C. 2907.05(A)(4), (C)(2) (Jan. 1, 2008) (current version at R.C. 2907.05(A)(4), (C)(2) (Mar. 22, 2019)); R.C. 2929.14(A)(3)(a) (Oct. 31, 2018) (current version at R.C. 2929.14(A)(3)(a) (Mar. 22, 2019)). As a fourth-degree felony, gross sexual imposition carries a sanction of 6 to 18 months' imprisonment. R.C. 2907.05(A)(5), (C)(1) (Jan. 1, 2008) (current version at R.C. 2907.05(A)(5),

(C)(1) (Mar. 22, 2019)); R.C. 2929.14(A)(4) (Oct. 17, 2017) (current version at R.C. 2929.14(A)(4) (Mar. 22, 2019)).

**{¶25}** The trial court sentenced Rognon to 60 months in prison for third-degree felony gross sexual imposition and 12 months in prison for fourth-degree felony gross sexual imposition. Thus, Rognon's sentences fall squarely within the statutory ranges. "'[A] sentence imposed within the statutory range is "presumptively valid" if the [trial] court considered applicable sentencing factors.'" *Nienberg*, 2017-Ohio-2920, at ¶ 10, quoting *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

**{¶26}** "R.C. 2929.11 provides, in pertinent part, that '[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender * * *.'" *State v. Salmons*, 3d Dist. Union No. 14-19-02, 2019-Ohio-3541, ¶ 16, quoting R.C. 2929.11(A). "To further these purposes, the sentencing court must 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution * * *.'" *Id.*, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the

victim' and also be consistent with sentences imposed in similar cases." *Smith* at ¶ 10, quoting R.C. 2929.11(B). "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A).

{¶27} Here, it is clear from the record that the trial court sentenced Rognon after considering the purposes of felony sentencing set forth in R.C. 2929.11(A) and the R.C. 2929.12(B)-(E) factors relating to the seriousness of Rognon's conduct and the likelihood of his recidivism. At the sentencing hearing, the trial court advised Rognon that "[t]he purpose of the criminal justice system is to consider four factors." (Feb. 28, 2019 Tr. at 11). The trial court then stated that the permissible purposes of felony sentencing are "to punish the offender," "to deter the defendant and others," to "rehabilitat[e]," and to "protect[] * * * the public." (*Id.*). The trial court then stated that the sentence imposed was in accordance with the permissible purposes of felony sentencing. (*Id.* at 15). Hence, the trial court considered the purposes and principles of felony sentencing as expressed in R.C. 2929.11(A). (*See* Doc. No. 123).

{¶28} The trial court noted that K.H. is "quite young" and Rognon's actions had a great impact on her and her relationships with her family members, which the trial court described as "disrupted * * * beyond measure." (Feb. 28, 2019 Tr. at 7).

(*See* K.H. Victim Impact Statement); (A.H. Victim Impact Statement); (S.H. & E.H. Victim Impact Statement); R.C. 2929.12(B)(1), (2). The trial court also acknowledged that Rognon's relationship as a family member of the victims put him in a position of trust and facilitated the offense. (Feb. 28, 2019 Tr. at 8-9). *See* R.C. 2929.12(B)(6). In addition, the trial court noted that Rognon had no prior criminal record. (Feb. 28, 2019 Tr. at 7). *See* R.C. 2929.12(E)(2). Thus, the record reflects that the trial court appropriately considered the principles and purposes of felony sentencing and the applicable R.C. 2929.12 factors in determining Rognon's sentence.

{¶29} Nevertheless, Rognon argues that the trial court erred by imposing the maximum sentence for Count Five of the indictment because the trial court did not properly consider the issue of the likelihood of Rognon's recidivism. Rognon argues that "the record was devoid of any evidence which would suggest that [Rognon] was likely to be a repeat offender." (Appellant's Brief at 17). Rognon suggests that the only information in the record with respect to Rognon's recidivism is the PSI which concluded that Rognon had a low risk of recidivism. (*Id.* at 17-18). (*See* PSI at 8). We disagree.

{¶30} As detailed in the above discussion of Rognon's consecutive sentences, the trial court considered the fact that Rognon engaged in sexual misconduct with K.H. after being confronted with his sexual misconduct with

respect to D.R. as an indication that Rognon will continue to reoffend. *See Jones*, 93 Ohio St.3d 391 at 400. Thus, although Rognon's ORAS score of 5 placed him in the "low risk" category, the trial court did have a basis to find that he was at risk of reoffending.

**{¶31}** Finally, Rognon contends that the sentence imposed for Count Five is not consistent with sentences imposed for similar crimes by similar offenders. In support of his position, Rognon cites a number of cases in which the defendant was sentenced to less than 60 months' imprisonment on a gross-sexual-imposition conviction. However, our review of the record reveals that Rognon failed to argue the consistent-sentences issues to the trial court. "'If a defendant fails to argue to the trial court that his sentence is not consistent with or proportionate to sentences imposed for similar crimes committed by similar offenders, then the defendant waives that issue for appeal.'" *State v. Silknitter*, 3d Dist. Union No. 14-16-07, 2017-Ohio-327, ¶ 18, quoting *State v. Norman*, 3d Dist. Seneca No. 13-13-50, 2014-Ohio-3010, ¶ 17, citing *State v. Ewert*, 5th Dist. Muskingum No. CT2012-0002, 2012-Ohio-2671, ¶ 31. Consequently, Rognon waived this issue for appeal. *See id.* Thus, we reject Rognon's argument that his sentence is contrary to law because it was not consistent with sentences imposed on similar offenders who committed similar crimes.

**{¶32}** In conclusion, the trial court properly considered the purposes and principles of felony sentencing and applied the relevant R.C. 2929.12 factors. Furthermore, Rognon's sentence is within the statutory range. Moreover, the trial court's consecutive-sentencing findings are supported by the record. Therefore, we conclude that there is not clear and convincing evidence that Rognon's sentence is not supported by the record or that his sentence is otherwise contrary to law. *See Nienberg*, 2017-Ohio-2920, at ¶ 23.

**{¶33}** Rognon's second and third assignments of error are overruled.

**{¶34}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/jlr**