[Cite as *State v. Thompson*, 2020-Ohio-4016.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                   CASE NO.  9-19-87

    v.

SANTONIO THOMPSON, II,              O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 19-CR-090

**Judgment Affirmed**

**Date of Decision:  August 10, 2020**

APPEARANCES:

    *William T. Cramer* for Appellant

    *Nathan R. Heiser* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Santonio Thompson II ("Thompson"), appeals the November 27, 2019 judgment of sentence of the Marion County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On March 7, 2019, the Marion County Grand Jury indicted Thompson on five counts: Count One of rape in violation of R.C. 2907.02(A)(2), a first-degree felony; Count Two of rape in violation of R.C. 2907.02(A)(1)(a), a first-degree felony; Count Three of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), a fourth-degree felony; Count Four of kidnapping in violation of R.C. 2905.01(A)(4), a second-degree felony; and Count Five of abduction in violation of R.C. 2905.02(A)(2), (B), a third-degree felony. (Doc. No. 1). On March 11, 2019, Thompson appeared for arraignment and pleaded not guilty to the counts of the indictment. (Doc. No. 3).

{¶3} A change of plea hearing was held on July 23, 2019. Pursuant to a negotiated plea agreement, Thompson withdrew his previous pleas of not guilty and pleaded guilty to Count Three of the indictment. (Doc. Nos. 42, 50). In exchange, the State agreed to move for dismissal of Counts One, Two, Four, and Five of the indictment. (Doc. Nos. 42, 50). The trial court accepted Thompson's guilty plea, found him guilty, and ordered a presentence investigation. (Doc. No. 50); (July 23,

2019 Tr. at 19). In addition, the trial court dismissed Counts One, Two, Four, and Five of the indictment. (Doc. No. 50).

{¶4} On November 26, 2019, Thompson was sentenced to 18 months in prison. (*Id.*). The trial court filed its judgment entry of sentence on November 27, 2019. (*Id.*).

{¶5} On December 10, 2019, Thompson filed a notice of appeal. (Doc. No. 54). He raises one assignment of error for our review.

**Assignment of Error**

**Clear and convincing evidence demonstrates that the appellant's maximum prison term was not supported by the record.**

{¶6} In his assignment of error, Thompson argues that the trial court erred by sentencing him to 18 months in prison.

{¶7} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶8}** "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. As a fourth-degree felony, unlawful sexual conduct with a minor carries a sanction of 6 to 18 months' imprisonment. R.C. 2907.04(A); R.C. 2929.13(B)(2); R.C. 2929.14(A)(4) (Oct. 17, 2017) (current version at R.C. 2929.14(A)(4) (Mar. 22, 2019)).

**{¶9}** In this case, Thompson was sentenced to 18 months' imprisonment. Accordingly, the trial court's sentence is within the statutory range. "'[A] sentence imposed within the statutory range is "presumptively valid" if the [trial] court considered applicable sentencing factors.'" *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 10, quoting *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

**{¶10}** R.C. 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state and local government resources." R.C. 2929.11(A). To achieve the overriding purposes of felony

sentencing, R.C. 2929.11 directs courts to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* In addition, R.C. 2929.11(B) instructs that a sentence imposed for a felony "shall be reasonably calculated to achieve the three overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Smith* at ¶ 10, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12.'" *Id.* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶11} From the record, it is clear that the trial court sentenced Thompson after considering the overriding purposes of felony sentencing set forth in R.C. 2929.11(A) and the relevant R.C. 2929.12(B)-(E) factors. First, at the sentencing hearing, the trial court noted that it had "considered * * * the purposes and principles of sentencing, the relevant seriousness and recidivism factors, and the specific facts

of this case." (Nov. 26, 2019 Tr. at 20). Furthermore, in its judgment entry of sentence, the trial court stressed that it had "carefully considered the purposes and principles of sentencing in accordance with R.C. 2929.11 and the appropriate seriousness and recidivism factors in accordance with R.C. 2929.12." (Doc. No. 50). "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Maggette* at ¶ 32, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18. Therefore, the record establishes that the trial court fulfilled its obligation to consider R.C. 2929.11 and 2929.12 when it sentenced Thompson.

{¶12} Moreover, the record supports the trial court's sentence. At the sentencing hearing, the trial court thoroughly explored each of the seriousness and recidivism factors that it found to be relevant to determining Thompson's sentence. First, the trial court was aware that Thompson was adjudicated delinquent for gross sexual imposition at the age of 11 and that he has an adult criminal record, including a third-degree felony conviction; the trial court expressly referenced this history in settling on an appropriate sentence. (Nov. 26, 2019 Tr. at 12); (PSI at 4-5). *See* R.C. 2929.12(D)(2). The trial court also found that, based on numerous violations of the conditions of his community control stemming from his third-degree felony conviction and the fact that he was unsuccessfully terminated from community

control just days after committing the instant offense, Thompson had failed to respond favorably in the past to sanctions imposed for criminal convictions. (Nov. 26, 2019 Tr. at 12); (PSI at 5). *See* R.C. 2929.12(D)(3).

{¶13} In addition, the trial court found that Thompson's conduct was more serious than conduct normally constituting the offense because the harm caused to the victim was exacerbated because she was 15 years old and because Thompson's relationship with the victim facilitated the offense. (Nov. 26, 2019 Tr. at 13-14). *See* R.C. 2929.12(B)(1), (6). Finally, the record contains evidence relevant to R.C. 2929.12(D)(5) and (E)(5)—the factors dealing with whether Thompson expressed genuine remorse for his offense. At the sentencing hearing, Thompson stated that he had "remorse in doing the crime, because [he should have] went further than just believing * * * when she said how old she was. Should have did my research on it." (Nov. 26, 2019 Tr. at 10). However, the trial court stated that the writer of the presentence investigation report concluded that Thompson "appears to show no remorse for the offense," and it noted its agreement with this conclusion. (*Id.* at 12-13). Thus, the trial court was able to assess whether Thompson was sincerely remorseful.

{¶14} As the State notes, Thompson does not actually dispute that the trial court's R.C. 2929.12 findings are supported by the record. Instead, Thompson challenges the weight the trial court assigned to certain R.C. 2929.12 factors and to

other factors that the trial court found relevant. For example, Thompson acknowledges his prior juvenile and adult criminal history, but he maintains that his criminal record is "mostly lower level misdemeanors," that his only prior felony conviction "involved an attempt to sneak marijuana into the fairgrounds," and that his juvenile adjudication should carry little weight given his age at the time of adjudication. (Appellant's Brief at 7). He contends that, "with only a moderate ORAS score, there was nothing * * * to warrant a maximum prison term." (*Id.*). Moreover, Thompson observes that "the court seemed concerned about the gravity of the offenses that were dismissed," but he argues that "the court's concerns were not supported by the record" because "it appears that the State dropped the serious rape and kidnapping allegations because they lacked credible evidence." (*Id.* at 7-8).

{¶15} Thompson's arguments are not persuasive. First, the fact that Thompson's ORAS score indicates that he poses only a "moderate" risk of reoffending does not mean that the trial court miscalculated the likelihood that he would reoffend as evidenced by his prior juvenile and adult criminal histories. A moderate, or even low, ORAS score does not preclude a trial court from finding that a defendant is at risk of reoffending. *See State v. Rognon*, 3d Dist. Logan No. 8-19-14, 2019-Ohio-4222, ¶ 30 ("[A]lthough Rognon's ORAS score of 5 placed him in the 'low risk' category, the trial court did have a basis to find that he was at risk of

reoffending."). In addition, although Thompson objects to the weight the trial court placed on his juvenile and adult criminal histories, the trial court had broad discretion to determine the relative weight to assign to this factor, and while some courts may have assigned less weight to Thompson's juvenile and adult criminal histories, we cannot say that the trial court improperly exercised its discretion in this case.

{¶16} Furthermore, it was not inappropriate for the trial court to consider the dismissed charges when fashioning Thompson's sentence. Contrary to Thompson's assertion, the record reflects that the other charges against him were not dismissed due to deficiencies in the State's evidence. Instead, the record reflects that the plea agreement was reached and the charges were dismissed "in deference to the wishes of the victim who did not want to have to testify at trial in this matter" and "in consideration of the best interest of the victim." (Nov. 26, 2019 Tr. at 18-19). Furthermore, "[a]lthough the trial court's belief that a defendant committed dismissed charges cannot be the sole reason for imposition of a maximum sentence, the trial court can consider dismissed charges when determining an offender's likelihood to recidivate." *State v. Osting*, 3d Dist. Defiance No. 4-18-09, 2019-Ohio-1278, ¶ 24, citing *State v. Park*, 3d Dist. Crawford No. 3-06-14, 2007-Ohio-1084, ¶ 7, citing *State v. Blake*, 3d Dist. Union No. 14-03-33, 2004-Ohio-1952, ¶ 6. Here, the dismissed charges were but one factor the trial court considered when

determining whether Thompson is likely to recidivate. Therefore, we find no error in the trial court's consideration of the dismissed charges.

{¶17} In conclusion, the trial court properly considered the purposes and principles of felony sentencing and applied the relevant R.C. 2929.12 factors. Furthermore, Thompson's sentence is within the statutory range. Accordingly, there is not clear and convincing evidence that Thompson's sentence is unsupported by the record or that his sentence is otherwise contrary to law. *See Nienberg*, 2017-Ohio-2920, at ¶ 23.

{¶18} Thompson's assignment of error is overruled.

{¶19} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**