[Cite as *State v. Rognon*, 2021-Ohio-4564.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO. 8-21-24

      v.

CAMERON ROGNON,               O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 18 08 0242

Judgment Affirmed

Date of Decision: December 27, 2021

APPEARANCES:

    *Cameron Rognon*, Appellant

    *Alice Robinson-Bond* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, Cameron Rognon, appeals the June 21, 2021 judgment of the Logan County Court of Common Pleas denying his petition for postconviction relief. For the reasons that follow, we affirm.

*Background*

{¶2} We have previously recited much of the factual and procedural background of this case, and we will not duplicate those efforts here. *State v. Rognon*, 3d Dist. Logan No. 8-19-14, 2019-Ohio-4222, ¶ 1-6. Relevant to this appeal, on October 9, 2018, the Logan County Grand Jury indicted Rognon on eleven counts in a superseding indictment, including Count Five of gross sexual imposition against K.H. in violation of R.C. 2907.05(A)(4), a third-degree felony and Count Ten of gross sexual imposition against D.R. in violation of R.C. 2907.05(A)(5), a fourth-degree felony. *Id.* at ¶ 3. On January 25, 2019, pursuant to a negotiated plea agreement, Rognon withdrew his previously entered pleas of not guilty and entered pleas of guilty to Counts Five and Ten of the superseding indictment. *Id.* at ¶ 4. The trial court accepted Rognon's guilty pleas and found him guilty. *Id.* At the request of the State, the trial court dismissed the remaining counts in the superseding indictment. *Id.* On February 28, 2019, the trial court sentenced Rognon to 60 months in prison on Count Five and 12 months in prison on Count Ten to be served consecutively. *Id.* at ¶ 5.

{¶3} On March 27, 2019, Rognon filed a notice of appeal. In his direct appeal, Rognon raised three assignments of error. First, he alleged that Logan County was not the proper venue to litigate Count Ten. Next, Rognon argued that the trial court erred by imposing consecutive sentences. Finally, Rognon alleged the trial court erred with respect to his sentence for Count Five because it was not consistent with sentences imposed for similar crimes by similar offenders. This court rejected Rognon's arguments and affirmed the judgment and sentence of the trial court. *Rognon* at ¶ 34.

{¶4} On June 1, 2021, Rognon filed a motion to vacate a void sentence. In the motion, Rognon alleged that his sentence was void because the trial court disregarded the applicable statute when pronouncing a "mandatory" sentence and lacked the statutory authority to pronounce a "mandatory" sentence. Further, Rognon argued that his claims were not barred by res judicata because his sentence is void. On June 11, 2021, the State filed a memorandum in opposition to Rognon's motion to vacate a void sentence.

{¶5} On June 21, 2021, the trial court filed its judgment entry denying Rognon's motion. The trial court considered Rognon's motion as a petition for postconviction relief and held that Rognon's petition was not timely and was barred by the doctrine of res judicata.

{¶6} Rognon filed his notice of appeal on July 20, 2021. He raises two assignments of error which we address together.

**Assignment of Error No. I**

**The trial court abused its discretion when it misconstrued the appellant's motion to vacate void sentence as a post-conviction motion.**

**Assignment of Error No. II**

**The trial court erred when it pronounced a mandatory sentence with disregard for the statute that would have precluded that pronouncement.**

{¶7} In his first assignment of error, Rognon argues the trial court erred by treating his filing titled "Motion to Vacate Void Sentence" as a petition for postconviction relief. Specifically, Rognon argues that because his sentence is void, the trial court erred by construing his motion as a petition for postconviction relief and determining that his petition was untimely and barred by res judicata.

{¶8} We first address Rognon's contention that his sentence is void. As an initial matter, we note that Rognon's motion to vacate void sentence, as well as his appellate brief, rely on outdated case law. The Supreme Court of Ohio recently realigned its jurisprudence regarding void and voidable sentencing and held that "[a] judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant." *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 43. Even if a sentence

imposed is not authorized by law, the sentence would only be voidable as long as the trial court possessed both subject-matter and personal jurisdiction. *Id.*

{¶9} Here, Rognon argues his sentence is void because the trial court allegedly disregarded the applicable statute when it pronounced a mandatory sentence. However, the error Rognon alleges, even if true, is not jurisdictional in nature so as to be capable of rendering his conviction and sentence void. *See State ex rel. Davis v. Turner*, 164 Ohio St.3d 395, 2021-Ohio-1771, ¶ 11 ("[S]entencing errors are not jurisdictional * * *.") Because Rognon does not identify any defect that would have deprived the trial court of subject-matter or personal jurisdiction, the trial court correctly determined that Rognon's conviction and sentence are not void.

{¶10} Having determined that Rognon's sentence is not void, we next turn to his contention that the trial court erred by characterizing his filing titled "Motion to Vacate Void Sentence" as a petition for postconviction relief. The Supreme Court of Ohio has stated that "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12. Additionally, in *State v. Reynolds*, the Supreme Court of Ohio concluded that a motion styled as "Motion to Correct or Vacate Sentence" was properly classified as a petition for postconviction relief because it "(1) was filed subsequent to [the defendant's] direct

appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). Rognon's "Motion to Vacate Void Sentence" fits each of the criteria outlined in *Reynolds*. Therefore, the trial court did not err by treating Rognon's motion to vacate his sentence as a petition for postconviction relief. *See State v. Parker*, 157 Ohio St.3d 460, 2019-Ohio-3848, ¶ 16-17 (finding that the trial court properly recast Parker's filing styled "motion to vacate" as a petition for postconviction relief); *State v. Bender*, 3d Dist. Logan No. 8-20-64, 2021-Ohio-1933, ¶ 13 (holding that the trial court did not err by treating Bender's motion to vacate his conviction and sentence as a petition for postconviction relief).

{¶11} Consequently, Rognon's first assignment of error is overruled.

{¶12} In Rognon's second assignment of error, he argues the trial court erred by pronouncing a mandatory sentence that is contrary to law. Specifically, Rognon argues that the trial court erred by imposing a "mandatory" sentence. For the reasons that follow, we disagree.

{¶13} "R.C. 2953.21 governs petitions for post-conviction relief." *State v. Wine*, 3d Dist. Auglaize No. 2-15-07, 2015-Ohio-4726, ¶ 10. The statute sets forth who may petition for postconviction relief and specifies, in relevant part, that "[a]ny person who has been convicted of a criminal offense * * * and who claims that there

was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" "may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." R.C. 2953.21(A)(1).

{¶14} "We review the trial court's dismissal of a post-conviction petition without a hearing for abuse of discretion." *State v. Jeffers*, 10th Dist. Franklin No. 10AP-1112, 2011-Ohio-3555, ¶ 23. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When the abuse of discretion standard applies, an appellate court is not to substitute its judgment for that of the trial court. *State v. Thompson*, 3d Dist. Henry No. 7-16-10, 2017-Ohio-792, ¶ 11.

{¶15} The trial court dismissed Rognon's petition after concluding, in part, that it was barred by the doctrine of res judicata. "Although a defendant may challenge his conviction and sentence by either a direct appeal or a petition for postconviction relief, any claims raised in a postconviction relief petition will be barred by res judicata where the claim was or could have been raised on direct appeal." *State v. Schwieterman*, 3d Dist. Mercer No. 10-09-12, 2010-Ohio-102, ¶ 23. "'[U]nder the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in

any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant * * * on an appeal* from that judgment.'" (Emphasis sic.) *State v. Troglin*, 3d Dist. Union No. 14-09-04, 2009-Ohio-5276, ¶ 13, quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. The doctrine "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18, citing *State ex rel. Willys-Overland Co. v. Clark*, 112 Ohio St. 263, 268 (1925). Thus, the doctrine of res judicata bars all claims except those that were not available at trial or on appeal because they are based on evidence outside the record. *See State v. Jones*, 3d Dist. Defiance No. 4-07-02, 2007-Ohio-5624, ¶ 19.

{¶16} Here, Rognon asserts the trial court erred by erroneously stating that his sentence with respect to Count Five was mandatory. Specifically, Rognon alleges that the conditions outlined in R.C. 2907.05(C)(2) that must be met in order for the trial court to impose a mandatory sentence pursuant to a violation of R.C. 2907.05(A)(4) were not present. Therefore, Rognon reasons that the trial court erred by stating at the sentencing hearing that his sentence with respect to Count Five was mandatory.

**{¶17}** However, Rognon's claim that the trial court erred by imposing a mandatory prison term, which is not based on any evidence outside the record, is barred by the doctrine of res judicata because it could have been raised on direct appeal. *See Troglin* at ¶ 13; *Jones* at ¶ 19. Accordingly, the trial court did not err by denying his petition for postconviction relief on the basis of res judicata. Moreover, because the claims raised in Rognon's petition are barred by res judicata, the trial court did not abuse its discretion by dismissing his petition for postconviction relief without a hearing. *State v. Lewis*, 3d Dist. Logan No. 8-19-08, 2019-Ohio-3031, ¶ 13 ("If res judicata applies to a claim raised in a petition for postconviction relief, an evidentiary hearing is not warranted on the matter.")

**{¶18}** Further, even if his claim was not barred by res judicata, his claim is without merit. Indeed, the trial court stated at the sentencing hearing that Rognon's sentence with respect to Count Five was mandatory. (Feb. 28, 2019 Tr. at 14-15). However, in the judgment entry of sentence, the trial court does not state that any portion of Rognon's sentence is mandatory. (Doc. No. 123). "[T]he axiomatic rule is that a court speaks through its journal entries." *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, ¶ 12. "When statements made at the sentencing hearing are inconsistent with the sentence stated in the journal entry, the entry will control." *State v. Brown*, 3d Dist. Allen No. 1-06-66, 2007-Ohio-1761, ¶ 3. Consequently, because the judgment entry of sentence does not state that any portion of Rognon's

sentence is mandatory, he was not sentenced to a mandatory prison term.  Thus, Rognon's argument that the trial court erred by erroneously imposing a mandatory prison term is without merit.

{¶19} Rognon's second assignment of error is overruled.

*Conclusion*

{¶20} For the foregoing reasons, Rognon's assignments of error are overruled.  Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Logan County Court of Common Pleas.

***Judgment Affirmed***

**ZIMMERMAN and SHAW, J.J., concur.**

**/jlr**